**In re Willie Roy TYLER, Debtor.**

**COMMONWEALTH MORTGAGE COMPANY OF AMERICA, L.P., Appellant,**

v.

**Willie Roy TYLER, Appellee.**

**BAP No. NC–91–2139–VMeO.**

**Bankruptcy No. 4–87–02645 PW1.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted July 23, 1992.

Decided Nov. 5, 1992.

Edward G. Schloss, Los Angeles, Cal., for Commonwealth Mortg. Co.

Lucinda E. Anderson, Oakland, Cal., for Willie Roy Tyler.

Before: VOLINN, MEYERS, and OLLASON, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

## OVERVIEW

On March 8, 1990, Debtor, Willie Tyler, obtained a default judgment substantially reducing a secured claim filed by Appellant, Commonwealth Mortgage Company of America (CMC) in August 1987. In May 1991, CMC moved successfully to reopen the case. Thereafter, alleging fraud by Tyler, CMC moved the court to reconsider the 1990 ruling and award sanctions against the debtor. In July 1991, the court denied the motion in its entirety and awarded attorney's fees to the debtor. CMC appeals. We affirm.

## BACKGROUND

Willie Tyler filed the first of two petitions under Chapter 13 in January 1985 and listed CMC as one of his creditors. The bankruptcy court dismissed the case in February 1987. On June 3, 1987, Tyler filed a second Chapter 13 petition. On August 31 of the same year, CMC filed a $24,864.70 proof of claim as a secured creditor.

As evidenced by the record, some confusion existed between Tyler and CMC regarding post-petition payments to the creditor. On November 23, 1987, Max Cline, Tyler's counsel, wrote to CMC at its Portland, Oregon address, listed on the proof of claim, stating that he was re-submitting his client's November payment which had been returned by CMC, noting that Tyler had made preceding payments for July, August, September and October. There was no response.

The record is silent regarding what may have transpired between the parties during the subsequent two years. On September 14, 1989, Lucinda Anderson, from the offices of Max Cline, wrote to CMC at the Portland address to request a complete accounting on Tyler's loan since inception. On September 25, 1989, a CMC bankruptcy analyst acknowledged receipt of the letter by a reply indicating that the debtor would have to pay a $75.00 charge to obtain a complete accounting. Because the September 25 letter specified a Houston, Texas mailing address, on October 10, 1989, Anderson sent a $75.00 check on behalf of Debtor to CMC in Houston. On November 30, 1989, Anderson notified the CMC bankruptcy analyst by letter that she had yet to receive the accounting. On December 19, 1989, the analyst sent a copy of a November 1, 1989 letter with a ledger showing an accounting since the filing of Tyler's second Chapter 13 petition.[1] The record does not show any further communication between Anderson and CMC.

On January 25, 1990, the debtor, through his counsel, Anderson, filed and served an objection to CMC's claim. Because CMC listed the Portland, Oregon address on the proof of claim and had not indicated to the court or any party in interest that notice should be sent elsewhere, CMC was served at the Portland address in conformity with Local Rule 740–7 [2] of the Northern District of California. Tyler notified CMC that (a) it had thirty days to request a hearing on the objection and (b) if it did not respond, the debtor would move for a default judgment. CMC did not respond. On March 8, 1990, Tyler filed a request for and obtained, without a hearing, a default judgment which disallowed $13,285.93 of CMC's claim, leaving a net allowed claim of $11,598.77.

Counsel for Appellant indicates that one Maximilian Hopkins, who represented himself as counsel for the debtor, had contacted CMC in late 1990 to indicate that he now represented Tyler. Counsel for CMC states that several letters passed between him and Hopkins, and between Hopkins and CMC, over the next two months. The record shows that on January 3, 1991, CMC's counsel forwarded a pre-petition accounting of the Tyler loan to Hopkins. The accounting reflects three kinds of transactions: (1) payments made by Tyler and their application to an appropriate time period under the contract with CMC; (2) the assessment of late charges; and (3) the movement of monies into and out of a "Suspense Account." The accounting provides no information regarding the balance on the account at any time. Apparently, after receiving the accounting, Hopkins had no further contact with Appellant.

Four and one-half months later, on May 24, Appellant moved (1) to re-open the Chapter 13, (2) to reconsider the disallowance of its claim, (3) to revoke the discharge of the claim, and (4) for sanctions

---

1. The debtor filed his first Chapter 13 petition on January 2, 1985. This was dismissed on February 26, 1987. He filed his second Chapter 13 petition on June 3, 1987.

2. Local Rule 740–7, headlined Contested Matters, provides:

(b) Response to Contested Matters. Unless otherwise ordered for good cause shown, no responsive pleading to ... an objection to a claim is required. In all other contested matters, a responsive pleading or statement of no opposition is required. The responsive pleading or statement of no opposition shall be served and filed no less than 14 days before the date of the hearing....

(c) Default Order Without Hearing.

(i) A party in interest may file, without setting a hearing:

(A) An objection to a claim ...

(ii) The objection ... shall indicate that:

(A) The claimant ... must file and serve a request for hearing within thirty days of mailing of the notice;

(B) If there is not timely request for a hearing, the court may enter an order granting the requested relief by default....

(iii) To obtain relief by default, the moving party shall file with the clerk and serve upon the claimant ... a request for entry of order by default. A copy of the ... shall be attached to the request. The request shall contain declarations as to the date and place of mailing of the pleading, the address to which mailed and the lack of response. *If the claimant ... has filed a claim, all pleadings shall be mailed to the address on the claim.* [emphasis added]

(iv) Upon filing of an appropriate request for entry of order by default, the court may grant the requested relief.

against the debtor. Although it made oblique reference to Rule 60(b)(1), (3), and (6) of the Federal Rules of Civil Procedure,[3] CMC's motion rested entirely upon a fraud argument as the basis for the relief sought.

According to Appellant, the debtor had actual notice of CMC's change of address. Tyler thus fraudulently obtained a default judgment by sending the notice of objection to the Portland address, thereby ensuring that CMC would not receive the notice soon enough to respond with a timely request for a hearing.

The court granted the motion to re-open on June 17, 1991. On July 5, 1991, the debtor filed an opposition to the motion for reconsideration. CMC contends that it did not receive the opposition until July 9. At the July 11, 1991 hearing, the court, with the two accountings before it, concluded that: (1) Tyler's compliance with Local Rule 740–7 provided a basis for denying the motion to reconsider; (2) whatever delay that occurred between Tyler's sending of the notice of objection and a response by CMC was due to the failure of the latter's Portland office to forward the notice to Houston; (3) the motion to reconsider was untimely under the one year requirement of Rule 60(b)(1), (2) or (3); (4) because the debtor had complied with Local Rule 740–7 and sent the notice of objection to the address on the proof of claim, CMC had not established a case of fraud; (5) CMC had failed to establish any other basis for invoking Rule 60(b); and (6) CMC's motion was based on neither a reasonable investigation into the law nor on sound factual grounds or allegations, and thus violated Federal Rule of Bankruptcy Procedure 9011.[4] Appellant's counsel having acknowledged that he had neither briefed nor been aware of Local Rule 740–7, the court, in its oral ruling, denied CMC's motion, awarded sanctions, and ordered the debtor's counsel to submit time sheets. On October 5, 1991, the debtor's counsel served and filed the proposed order and time sheets.

The court entered the order on October 10, 1991. The order specified, *inter alia,* that as set forth in the July 11 oral ruling, the amount indicated on the time sheets would constitute the award unless CMC's counsel submitted an objection within twenty days. Appellant filed an objection to the proposed order on October 15 and an opposition to the time sheets on October 25. CMC failed, however, to request a hearing on its opposition to the amount of attorney's fees, but chose instead to file a notice of appeal of the October 10 order.

## ISSUES PRESENTED

This appeal presents a question of whether the trial court erred in (1) denying Appellant's motion to reconsider the debtor's default judgment and (2) awarding sanctions to the debtor.

## STANDARD OF REVIEW

■ An appellate court reviews the denial of a motion to reconsider for abuse of discretion. *Partington v. Gedan,* 961 F.2d

---

**3.** Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a part or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Although CMC's motion refers to Rule 60(b)(1), (3), and (6), Appellant states incorrectly in its brief that it brought the motion under Rule 60(b)(1), (2), and (3).

**4.** Rule 9011(a) provides, in pertinent part:

The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry *it is well-grounded in fact....* If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it ... an appropriate sanction, which may include ... a reasonable attorney's fee.

852, 858 (9th Cir.1992). A grant of sanctions is subject to the same standard of review. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992).

## DISCUSSION

Appellant's twelve issues or assertions of error may be condensed to the following: the bankruptcy court erred in (1) denying the motion to reconsider because (a) it was not timely filed and (b) the debtor complied with Local Rule 740–7 and such compliance, in light of Appellant's non-response and failure to address the rule in its motion, was conclusive; (2) finding no evidence or suggestion of fraud by the debtor; (3) denying sanctions against the debtor; (4) finding that Appellant's motion was based on neither sound factual ground nor allegations and awarding sanctions in the amount on the time sheets submitted by the debtor's counsel against Appellant; and (5) ruling that Local Rule 740–7(b) does not apply in contested matters, thus allowing consideration of the debtor's late filed response to the motion.

■ Appellant presents an intricate procedural argument for overturning the bankruptcy court's decision. CMC's own procedural shortcomings, however, are at odds with the argument. As the trial court determined, Tyler's compliance with Local Rule 740–7 was appropriate and warrants denial of Appellant's motion for reconsideration and revocation of the debtor's discharge. The debtor complied with the requirements of Local Rule 740–7(c), including sending notice of the objection to CMC's claim to the Portland address listed on the proof of claim.

CMC neglected to notify the bankruptcy court of a change of address, assuming there was such a change. Appellant did not give the debtor or his counsel reason to believe that the company had no offices in Portland or that it could receive notice only in Houston. Despite CMC's assertion that

it did not receive notice of the debtor's objection until after the thirty day period had expired, the record shows that previous mailings sent from the debtor's counsel to CMC at the Portland address reached the creditor's Houston office promptly. But in the case of this particular objection, CMC failed to respond to the debtor's objection to the claim within the thirty day period specified in the local rule. In any event, CMC's counsel admitted that he was unaware of Local Rule 740–7 when he prepared the motion for reconsideration. Thus the record is replete with various incidents of Appellant's non-responsiveness to communications or court rules without fault on the part of the debtor.

As to the fraud, Appellant contends that there was no basis to conclude that it did not occur. However, Anderson's declaration in opposition recounts in some detail the results of her personal investigation of the amount owing based on the debtor's records and her efforts to obtain relevant information from Appellant. The amount recommended for allowance was the result of such investigation. On the record before us, there is no evidence of overreaching or fraud.

Appellant contends that the court incorrectly stated that Local Rule 740–7's time line for a response to a motion was inapplicable. Assuming the court was incorrect in this respect, the record does not show that the court relied on the response; nor does Appellant point out specifically how it was prejudiced.

■ Invoking Bankruptcy Rule 9024[5], Appellant argues that the trial court erred in ruling that the motion for reconsideration, filed approximately fourteen months after the entry of the default judgment, was untimely. Were this a non-bankruptcy case, the one year time limitation of Rule 60(b) would constrain the trial court to deny a motion filed fourteen months after the entry of a default judgment. Bankruptcy Rule 9024, however, removes that

5. Rule 9024 provides:
Rule 60 Fed.R.Civ.Proc. applies in cases under the [Bankruptcy] Code except that (1) a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)....

constraint as to a judgment disallowing a claim. Appellant could have raised the Rule 9024 issue at the July 11, 1991 hearing, but neglected to do so. Ninth Circuit courts typically decline to consider such issues except when either: (1) review is necessary to prevent a miscarriage of justice; (2) the law governing the matter has changed during the pendency of the appeal; or (3) the issue is one of law and either the record has been fully developed or the issue does not depend on the factual record. *United States v. Reyes–Alvarado,* 963 F.2d 1184, 1189 (9th Cir.1992).

Here, of the three exceptions only the miscarriage of justice argument would apply. While the case was decided on procedural grounds, Appellant has produced little on the record to indicate that this ground applies. Only the two accountings sent by CMC to Anderson and Hopkins present the possibility of an injustice. The accounting sent to Hopkins, however, does not qualify because it is unclear. It provides no explanation, for example, for why every late charge assessed is not a multiple of $50.62, the amount labeled as "LATE CHARGE" in the heading on the first page of the document. Nowhere does the document indicate an account balance. Finally, this allegedly complete accounting was followed by the filing of Tyler's second Chapter 13 petition. The same ambiguities plague the post-petition accounting which CMC supplied in response to Anderson's request. Despite CMC's vehement assertions that Tyler obtained his default judgment through fraud, the record does not provide any basis for concluding that the trial court's decision visited an injustice upon Appellant.

Appellant for the first time fashions an excusable neglect argument as justification for a reconsideration. Application of the standard for reconsideration of arguments first presented on appeal precludes CMC from presenting this issue since it was not raised at the trial court.

■ Appellant's counsel's actions and the record before us warranted the trial court's granting sanctions. Bankruptcy Rule 9011, fn. 3 *supra,* makes clear that the trial court, on its own initiative, may impose sanctions to include a reasonable attorney's fee. The trial court found that the record shows no basis for Appellant's fraud argument. Appellant's newly raised excusable neglect contention further supports the court's conclusion that the motion for reconsideration was not sufficiently well grounded. Finally, counsel's admission of ignorance regarding Local Rule 740–7 fits squarely the behavior which Rule 9011 seeks to deter. The trial court's October 10, 1991 order indicates that Appellant had twenty days from the filing of the debtor's counsel's time sheets to file an objection. CMC filed a Response to Debtor's Fee Itemization within the twenty day period, but failed to request a hearing on the matter. Instead, Appellant chose to file a notice of appeal of the October 10 order. Appellant misapprehends the sanctions provision in that order. As a conditional provision, the award of sanctions would materialize as a specific dollar amount only after Appellant had the opportunity to object. Consequently, because Appellant's notice of appeal applies to the conditional award and not to the dollar amount, the Panel need not entertain an argument regarding the appropriateness of the actual amount awarded. Further, we must conclude that the trial court committed no abuse of discretion in declining to reconsider the denial of Appellant's motion for sanctions against the debtor.

## CONCLUSION

Appellant's procedural errors have necessitated this appeal. Regardless, Appellant argues that the trial court abused its discretion by failing to overlook those errors in ruling on a motion for reconsideration. The record fails to disclose any basis for the Panel to conclude that there was such abuse. Accordingly, we AFFIRM.