981 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony R. WEST, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, et al., Respondents-Appellees.
 No. 92-16056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony R. West, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition. He contends that he was deprived of his right to due process and equal protection at a prison disciplinary hearing because the prison staff representative assigned to assist him failed to interview a witness and failed to present evidence at the hearing. He challenges the disciplinary segregation and loss of good time imposed as a result of the disciplinary hearing. We review de novo the district court's denial of a habeas petition. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we dismiss.
 
 
 3
 This court considers issues raised for the first time on appeal to be waived. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). There are three discretionary exceptions to the requirement that a matter must first be raised in the district court. The case must: (1) be an exceptional matter which requires review to prevent a miscarriage of justice; (2) involve new issues due to a change in the law; or (3) involve an issue that is purely a point of law and does not depend on an actual record developed below. Id.
 
 
 4
 Here, West claims the staff representative appointed to assist him in preparing his case did not adequately represent him by interviewing or calling witnesses, including his cellmate, at a prison disciplinary hearing.[1] West did not raise this claim in the district court. Rather he claimed that: (1) he could not be found guilty because his cellmate admitted that the marijuana was his; (2) that his procedural due process rights were violated because the disciplinary hearing did not occur until one month after the incident, by which time his cellmate had been released from prison; (3) his due process and equal protection rights were violated because the hearing officer failed to consider negative results of his urinalysis test; and (4) his due process and equal protection rights were violated because he did not speak to the correctional officer in a threatening or intimidating manner during the incident.
 
 
 5
 West's claim does not fit into any of the three categories. It does not involve new issues due to a change in the law. It does not involve an issue that is purely a point of law, but rather depends extensively on the further development of a factual record below. Finally, it is not an exceptional matter which must be heard to prevent a miscarriage of justice. Reyes-Alvarado, 963 F.2d at 1189.
 
 
 6
 Therefore, we consider waived West's claim that his staff representative was ineffective. See id.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 West essentially claims that he received ineffective assistance of counsel. This claim is without merit. There is no right to assistance of counsel in a prison disciplinary hearing. Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.1989) (citing Baxter v. Palmigiano, 425 U.S. 308, 314-15 (1976)). "Therefore, an inmate has no claim for ineffective assistance of counsel at a disciplinary hearing." Id