988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bacilio GARCIA, Defendant-Appellant.
 No. 92-50107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1992.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-90-856-07-LCN; Leland C. Nielsen, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Bacilio Garcia was convicted of conspiracy to distribute cocaine base, distribution of cocaine and aiding and abetting, and possession with intent to distribute. Garcia was also convicted of possessing a pistol, but attained post-judgment acquittal. Garcia appeals on two grounds: (1) that there was insufficient evidence to convict him for possession with intent to distribute; and (2) that he received inadequate notice that his base offense level would be increased two levels for possession of a firearm.
 
 
 3
 The evidence was sufficient to support the conviction. The test for sufficiency of evidence is whether, after viewing the evidence most favorably to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). The Ninth Circuit has stated that possession of a drug is defined as dominion and control. United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991). "A defendant has constructive possession of contraband if he 'knows of its presence and has power to exercise dominion and control over it.' " United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.1992) (quoting Williams v. United States, 418 F.2d 159, 162 (9th Cir.1969), aff'd, 401 U.S. 646 (1971)). Further, possession of a large quantity of cocaine alone may be sufficient to infer both knowledge and intent to distribute. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 
 4
 The facts of the present case demonstrate that Garcia had possession of the drugs. Garcia was observed under surveillance by narcotics agents exiting the apartment on his way to the drug transaction. In prior meetings with the informant, Garcia was dropped off at that location and returned moments later with drugs. Further, the informant testified that Garcia went through a security gate to get into the apartment area. Garcia also met with a codefendant at the apartment the day before the drug transaction. Finally, and significantly, at the time of arrest Garcia was able to show the agents where the drugs were located in the apartment. Garcia agreed to do so only after his wife and children were removed from the apartment, a fact that suggests his family lived there. A special agent also testified that Garcia lived at the apartment.
 
 
 5
 Finally, Appellant received adequate notice that his base offense level might be increased two levels for possession of the firearm. The government requested such an increase in its timely response to Appellant's motion for acquittal of the firearm charge. At the sentencing hearing, Appellant did not request additional time in order to present any defense, but argued the legal points supporting his position. The district court permitted the argument after it had issued a tentative ruling that further notified Appellant of the potential sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3