UNITED STATES of America,
Plaintiff–Appellee,

v.

Servando REYES–ALVARADO,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin GONZALEZ–RAMIREZ,
Defendant–Appellant.

Nos. 91–50052, 91–50219.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1992.

Decided April 29, 1992.

As Amended June 15, 1992.

Kerry C. Connor, San Diego, Cal., for defendant-appellant Reyes–Alvarado; Grant L. Eddy, Ramona, Cal., for defendant-appellant Gonzalez–Ramirez.

Gonzalo P. Curiel, Asst. U.S. Atty., argued, Bruce R. Castetter and Gonzalo P. Curiel, Asst. U.S. Attys., on the briefs, San Diego, Cal., for plaintiff-appellee.

Before: POOLE, WIGGINS, and LEAVY, Circuit Judges.

WIGGINS, Circuit Judge:

Appellants Servando Reyes–Alvarado and Martin Gonzalez–Ramirez were convicted of involvement in the same conspiracy to manufacture and distribute methamphetamine. Reyes–Alvarado appeals his conviction for conspiracy to possess with the intent to distribute ten kilograms of methamphetamine, and aiding and abetting the possession of the same quantity of methamphetamine with the intent to distribute.

Gonzalez–Ramirez pled guilty to aiding and abetting the possession of methamphetamine with intent to distribute and possession with intent to distribute. He challenges his guilty plea as having an insufficient factual basis. Gonzalez–Ramirez also challenges his sentence. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both appellants' convictions.

## FACTS

During July of 1989, Abalardo Gamboa–Hernandez, a confidential informant, met Martin Gonzalez–Ramirez in a San Diego jail. They discussed the possibility of Gonzalez–Ramirez selling methamphetamine to Gamboa–Hernandez upon their release.

The two talked several times by phone between February 20 and February 27, 1990. They agreed that Gonzalez–Ramirez would deliver ten pounds of methamphetamine at $7,000 per pound. Delivery was to be at a McDonald's restaurant at 4 p.m. on February 27.

On February 27, appellant Reyes–Alvarado drove a white Oldsmobile into a McDonald's parking lot in San Ysidro, California. Appellant Martin Gonzalez–Ramirez was the passenger. The Oldsmobile was followed by a pickup truck driven by Lucas Tapia–Zaragosa. Florentino Barajas–Rangel was the passenger in the pick-up.

Gamboa–Hernandez, the informant, was waiting for Gonzalez–Ramirez's arrival. After the car parked, Gonzalez–Ramirez approached Gamboa–Hernandez. Appellant Reyes–Alvarado then gave the car keys to Gonzalez–Ramirez. When questioned by Gamboa–Hernandez as to Reyes–Alvarado's identity, Gonzalez–Ramirez replied that he was "just a companion."

Gonzalez–Ramirez then led Gamboa–Hernandez toward the truck window, where Tapia–Zaragosa was sitting. Reyes–Alvarado followed, but remained about two yards away. While Gonzalez–Ramirez, Tapia–Zaragosa and Gamboa–Hernandez talked, undercover agent Antonio Huertas approached the truck. Gonzalez–Ramirez told Huertas that Tapia–Zaragosa had made the merchandise and would be the one to show it to them. Tapia–Zaragosa then got out of the truck, and Gonzalez–Ramirez gave him the car keys.

Tapia–Zaragosa opened the trunk of the car and removed a box. He got into the back seat of the car with agent Huertas, where Huertas determined that the box contained methamphetamine. Huertas took a sample into the McDonald's restroom to test it. Next, Huertas walked toward his car and told Tapia–Zaragosa that he was getting the money. Shortly thereafter, Huertas gave the arrest signal and Tapia–Zaragosa, Barajas–Rangel, and appellants Reyes–Alvarado and Gonzalez–Ramirez were arrested.

On July 17, Tapia–Zaragosa, Barajas–Rangel and appellant Gonzalez–Ramirez all entered guilty pleas. Gonzalez–Ramirez pleaded guilty to aiding and abetting the possession of methamphetamine with intent to distribute and possession with intent to distribute. On the same day, the trial of appellant Reyes–Alvarado began.

At trial, Gonzalez–Ramirez testified for Reyes–Alvarado. Reyes–Alvarado's counsel also intended to call Tapia–Zaragosa and Barajas–Rangel, but their attorneys indicated to the court that their clients would assert the fifth amendment if called to the stand. Reyes–Alvarado's counsel therefore decided not to call them to the stand.

At trial, the prosecution called Agent Huertas. On cross-examination, Reyes–Alvarado's counsel elicited statements made by Barajas–Rangel after his arrest. When questioned specifically as to what Barajas–Rangel said, Huertas testified that Barajas–Rangel said he did not know where the laboratory was located but that the agents should ask Reyes–Alvarado, who was the right-hand man of Tapia–Zaragosa.

Appellant Reyes–Alvarado testified that he did not hear anything about methamphetamine or other words indicating methamphetamine while in the parking lot. The prosecution argued that Reyes–Alvarado was the lookout man, scanning the area where the transaction took place to make sure no police officers were around. Reyes–Alvarado testified that he was look-

ing around because he was curious, he had never been in a McDonald's parking lot and he was unfamiliar with the surrounding stores.

Reyes–Alvarado was convicted on July 19, and on July 30 he moved for a new trial. At the hearing, counsel told the court that Tapia–Zaragosa and Barajas–Rangel both had wanted to testify on behalf of Reyes–Alvarado at trial and both were still willing to do so. The court denied the motion without an evidentiary hearing.

## I. *Admission of Codefendant's Post-arrest Statement*

■ Generally, a codefendant's post-arrest statement is not admissible against a defendant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Allegations of *Bruton* errors are reviewed de novo. *Herd v. Kincheloe,* 800 F.2d 1526, 1529 (9th Cir.1986). But, "[a]ppellants may not seek reversal on the basis of their own evidentiary errors." *United States v. Miller,* 771 F.2d 1219, 1234 (9th Cir.1985) (appellants objected to testimony which had been elicited by defense counsel on cross-examination). *See also Burgess v. Premier Corp.,* 727 F.2d 826, 834 (9th Cir. 1984) (attorney may waive client's right to raise error on appeal by eliciting inadmissible evidence himself). The doctrine of invited error prevents a defendant from complaining of an error that was his own fault. *See, e.g., United States v. Montecalvo,* 545 F.2d 684, 685 (9th Cir.1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977).

■ In this case the statement was elicited by the defendant's own attorney. Defense counsel asked Agent Huertas if Reyes–Alvarado had made any statements when arrested. When Huertas answered negatively, the attorney asked if any of the others arrested made statements. Huertas answered affirmatively, and defense counsel asked who made statements. When Huertas responded that Barajas–Rangel had made a statement, counsel pursued his line of questioning and asked what Barajas–Rangel said. Huertas told him.

This exchange clearly indicates that appellant's counsel solicited the testimony which he now claims should have been excluded. In fact, counsel did not seek to strike this testimony at the time it was given. Instead, he continued asking the agent about what Barajas–Rangel said. From the transcript, it appears that counsel thought his pursuit of this line of questioning might benefit his client. His tactics backfired, and his client was convicted. Now appellate counsel attempts to complain of the defense-induced error. A defendant cannot have it both ways. This was invited error and therefore not grounds for reversal. We find that a defendant who elicits a statement that may be violative of *Bruton* may not later claim error based on the admission of that statement.

## II. *Sufficiency of Evidence to Convict Reyes–Alvarado*

■ As a preliminary matter, this panel must determine whether Reyes–Alvarado may raise a sufficiency of evidence claim. He failed to object to the sufficiency of the evidence at the trial level. The Ninth Circuit has said that it will not review such a claim if the defendant failed to preserve the issue on appeal by raising it at the district court level. *United States v. Smith,* 924 F.2d 889, 893 (9th Cir.1991). There are some exceptions, one of which appellant maintains is applicable here. This exception, the *Smith* court said, is when a review will "prevent a 'manifest miscarriage of justice.'" *Id.* at 893–94 (citation and internal quotation omitted). This is not such a case. The evidence against Reyes–Alvarado is sufficient to sustain his conviction and there is no likelihood of a "manifest miscarriage of justice." Reyes–Alvarado's failure to raise the sufficiency of the evidence claim at the district court level precludes him from raising it on appeal.

■ Even were we to grant a review of the sufficiency of the evidence, Reyes–Alvarado would not prevail. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most

favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Adler*, 879 F.2d 491, 495 (9th Cir.1988) (citations and internal quotation omitted). Moreover, circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. *See United States v. Hernandez*, 876 F.2d 774, 780 (9th Cir.) (circumstantial evidence and inferences drawn from it sufficient to support possession conviction), *cert. denied*, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989).

The prosecution established that Reyes–Alvarado was seen looking around, possibly in a counter-surveillance position. He drove the vehicle with the drugs. He was present when the drug buy took place. And, he was indicted by the statement made by Barajas–Rangel to Huertas.

■ There is sufficient evidence such that a reasonable jury could find that appellant Reyes–Alvarado was knowingly part of the conspiracy. Likewise, there is sufficient evidence to support a conviction of possession. Reyes–Alvarado drove the car with the contraband and was present during the sale. Furthermore, a coconspirator said Reyes–Alvarado was the right-hand man to the ringleader. And, a reasonable jury could have found that Reyes–Alvarado had constructive possession of the methamphetamine. A defendant has constructive possession of contraband if he "knows of its presence and has power to exercise dominion and control over it." *Williams v. United States*, 418 F.2d 159, 162 (9th Cir.1969), *aff'd*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

### III. *Denial of Appellant Reyes–Alvarado's Motion for New Trial*

■ Denial of a motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion. *United States v. Kenny*, 645 F.2d 1323, 1343 (9th Cir.), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). For a court to grant a new trial, the defendant

must: 1) allege facts from which the court may infer diligence on the defendant's part and show from the motion that the evidence relied on is 2) newly discovered, 3) not merely cumulative or impeaching, 4) material to the issues involved and 5) in a new trial probably would produce an acquittal. *United States v. Diggs*, 649 F.2d 731, 739 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). The Ninth Circuit has adopted the view that "when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered.'" *Id.* at 740 (citation omitted).

Appellant acknowledges the *Diggs* precedent but argues that the codefendants did not choose to withhold their testimony. Rather, appellant argues that the co-defendants were prevented from testifying by their attorneys. This mere allegation is insufficient to establish that the co-defendants' testimony is newly discovered. There is no evidence that they were forced to refrain from testifying.[1] Furthermore, at the time it was probably prudent for them to decline to testify. Tapia–Zaragosa, Barajas–Rangel and Gonzalez–Ramirez had each pled guilty on July 17, but had not been sentenced yet. Testifying now, however, is safe for the co-defendants, as they have already been sentenced. It would encourage perjury to allow a new trial once co-defendants have determined that testifying is no longer harmful to themselves. They may say whatever they think might help their co-defendant, even to the point of pinning all the guilt on themselves, knowing they are safe from retrial. Such testimony would be untrustworthy and should not be encouraged. We find that the judge did not abuse his discretion in refusing to grant a new trial on the basis of newly discovered evidence.

Appellant further argues that the judge abused his discretion in not granting an evidentiary hearing on the motion. Like the decision to grant or deny the motion itself, the standard of review for the grant-

---

1. In fact, counsel for Tapia–Zaragosa stated that his client did not want to testify about the facts: "He has indicated that he is willing to testify and say that Mr. Reyes is a good man and he's known him for some time, but he doesn't want to testify about the facts. I told him that that's not the basis of this and he's elected not to testify."

ing or denial of an evidentiary hearing in this situation is abuse of discretion. *United States v. Nace*, 561 F.2d 763, 772 (9th Cir.1977). Because there was no reason to admit the testimony, there was likewise no reason to hold an evidentiary hearing about it. The judge did not abuse his discretion in finding that an evidentiary hearing was unnecessary.

IV. *Sufficiency of Factual Basis Supporting Appellant Gonzalez–Ramirez's Guilty Plea*

■ Once again, this claim raises an issue that was not raised below. Generally, the Ninth Circuit will not consider issues raised for the first time on appeal. There are, however, three exceptions. The first is exceptional circumstances where review is necessary to prevent a miscarriage of justice, the exception discussed above. The second is when a new issue arises while appeal is pending because of a change in the law. The third is when the issue is purely one of law and either does not depend on the factual record developed below or the relevant record has been fully developed. *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir.1985).

■ None of these exceptions is applicable here. The first exception does not apply because there is evidence to support Gonzalez–Ramirez's guilty plea. During the plea, appellant stated that he knowingly and intentionally possessed methamphetamine with intent to distribute. He said he put two co-defendants together in order to deliver methamphetamine. He also rode in the car which delivered the methamphetamine. Although he said he did not know that the methamphetamine was in the car, he did know that they were driving to the location of the drug buy and that he was going to provide support and assistance.

Appellant challenges his plea on both counts on the grounds that the government does not have facts supporting his possession of methamphetamine. While there may not be an admission that he actually knew the methamphetamine was in the car, he did state that he knowingly possessed methamphetamine and that he knew he was going to the parking lot on February 27, 1990 to provide support and assistance

to a drug sale. As this circuit has said, "Actual or positive knowledge is not necessary to support a conviction for possession of contraband if a defendant is aware of the high probability of possession and consciously disregards that possibility in an effort to remain ignorant." *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 359 (1988). The evidence certainly supports such an inference in this situation.

The second exception does not apply because Gonzalez–Ramirez does not rely on any change in the law. Finally, the third does not apply because this issue is one which depends upon the factual record and as is obvious from the transcript, the prosecution would have liked more opportunity to develop the record. While the judge was attempting to secure an admission that appellant knew what was in the car, defense counsel said, "I believe we do have a factual basis...." The judge agreed, but the prosecution then asked for an admission that Gonzalez–Ramirez knew that the drugs were in the car. The judge said such an admission was unnecessary. We cannot permit an attorney to prevent further inquiry at the pleading stage and then later claim that the information gleaned at that inquiry is insufficient. Because appellant failed to preserve this issue for appeal and because none of the exceptions to the rule prohibiting this appeal apply, we therefore refuse to consider this issue.

V. *Gonzalez–Ramirez's Sentence*

■ Appellant challenges the district court's failure to depart downward from the sentencing guidelines. Although he acknowledges that a discretionary refusal to depart is not subject to review on appeal, he claims that this case is reviewable because the judge was erroneous in construing his authority to depart. Such cases are reviewable. *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.1992). The interpretation of sentencing guidelines is reviewed de novo. *United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir.1990).

The transcript of the sentencing hearing indicates that the judge chose not to depart. There is no indication that he

thought he was powerless to depart; he simply did not believe the situation merited a departure. When defense counsel first asked for a departure, the judge said, "I'm not inclined—in this case, I'm not inclined to go below 240 months which is—which is barely above the minimum guideline range.... The guideline is 235 to 293. I mean, would you have me depart below that?" When defense counsel answered yes because he believed there was entrapment, the judge stated that there was no entrapment because the defendants were involved in an ongoing business.

Additionally, the judge's remarks indicated that he thought appellant deserved the sentence he got based on his criminal history. "The facts are terrible for you.... The gentleman has about eight prior convictions ... and I can't rewrite his biography." The transcript shows that the judge considered counsel's pleas to reduce the sentence because of entrapment or because appellant's criminal history was overstated. He simply chose to reject both. We therefore affirm the judge's decision not to depart from the sentencing guidelines.

The judgment of the district court is in all respects AFFIRMED.