983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis ROMERO-SABORI, Defendant-Appellant.
 No. 92-10322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Romero-Sabori appeals his conviction following a jury trial for conspiracy to possess and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846. Romero-Sabori contends that there was insufficient evidence to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992); United States v. Restrepo, 930 F.2d 705, 708 (9th Cir.1991). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. Reyes-Alvardo, 963 F.2d at 1188 (conviction upheld where defendant implicated by coconspirator's post-arrest statements, drove car containing drugs, and appeared to make surveillance during drug deal); Restrepo, 930 F.2d at 709. In evaluating the sufficiency of the evidence, we must respect the exclusive province of the jury to determine the credibility of witnesses. United States v. Boone, 951 F.2d 1526, 1536 (9th Cir.1991); United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990).
 
 
 4
 To prove a conspiracy, the government must show (1) an agreement (2) to engage in criminal activity and (3) one or more overt acts in furtherance of the conspiracy. United States v. Smith, 924 F.2d 889, 894 n. 1 (9th Cir.1991); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). Once the conspiracy is established, evidence showing beyond a reasonable doubt even a slight connection between the defendant and the conspiracy is sufficient for conviction. Restrepo, 930 F.2d at 709; United States v. Stauffer, 922 F.2d 508, 514-15 (9th Cir.1990). While mere association with members of a conspiracy is not enough, Restrepo, 930 F.2d at 709, coordinated activity among codefendants may provide circumstantial evidence that a defendant participated in a conspiracy, see Smith, 924 F.2d at 894; Stauffer, 922 F.2d at 515; Hernandez, 876 F.2d at 778.
 
 
 5
 To prove constructive possession of a controlled substance, the government must show that the defendant had the authority to dispose of the drugs, either personally or through an agent, or that he participated in a joint venture, thereby sharing dominion and control over the drugs with other participants. United States v. Smith, 962 F.2d 923, 929-30 (9th Cir.1992); see Restrepo, 930 F.2d at 709-10; Hernandez, 876 F.2d at 778. A defendant's mere association with members of a joint venture does not prove constructive possession. Smith, 962 F.2d at 930.
 
 
 6
 Romero-Sabori contends that there was insufficient evidence to support his conviction for conspiracy to possess and possession with intent to distribute cocaine. He argues that, with the exception of the unreliable testimony of his two codefendants, there is no evidence that he participated in the cocaine sale or that he was not an unwitting bystander at a nearby convenience store when the sale occurred.
 
 
 7
 At trial, codefendant Sandra Machado testified that on September 12, 1991, she and Rosita Masen negotiated for the sale of a kilogram of cocaine with undercover DEA Agent Salazar outside of Romero-Sabori's residence. Machado entered the home and, determining that Romero-Sabori was not yet there with the cocaine, sent Agent Salazar away because Romero-Sabori did not want to be seen. Shortly thereafter, Romero-Sabori arrived with half a kilogram of cocaine, only to leave again for the balance from his supplier when Agent Salazar insisted by telephone on a full kilogram. That evening, Machado and Masen completed the sale at a motel after dropping Romero-Sabori at an adjacent convenience store because he did not want to be seen. The women then picked up Romero-Sabori, gave him $18,000 in proceeds from the sale, and received a small sum for their role.[1]
 
 
 8
 With some minor discrepancies, the testimony of codefendant Rosita Masen confirmed Machado's account of the September 12 cocaine sale. Sergeant McNally, who conducted surveillance for the DEA task force in the case, testified as to the activity at Romero-Sabori's home on both dates, including the arrival and departure on September 12 of a red Monte Carlo matching Machado's and Masen's description of a car driven by Romero-Sabori. Sergeant McNally also stated that he saw the women drop off and pick up Romero-Sabori at the convenience store and that in the interval Romero-Sabori appeared to engage in surveillance of the area near the cocaine sale.
 
 
 9
 The evidence at trial established that Romero-Sabori was more than a mere unwitting associate of coconspirators Machado and Masen. See Smith, 962 F.2d at 930; Restrepo, 930 F.2d at 709; Hernandez, 876 F.2d at 778. The testimony of these coconspirators provided uncontradicted evidence of a conspiracy, see Smith, 924 F.2d at 894 n. 1; Hernandez, 876 F.2d at 777, Romero-Sabori's participation in it, see Restrepo, 930 F.2d at 709; Stauffer, 922 F.2d at 514-15, and his authority over the cocaine, see Smith, 924 F.2d at 894. We must respect the jury's decision to credit this testimony even after the jury had been warned by the defense of Machado's and Masen's plea bargains. See Boone, 951 F.2d at 1536; Orozco-Santillan, 903 F.2d at 1265. Moreover, Sergeant McNally's testimony regarding the coordinated activities between the women and Romero-Sabori offered corroborating, circumstantial evidence that the latter participated in the conspiracy, see Smith, 924 F.2d 894; Stauffer, 922 F.2d at 515; Hernandez, 876 F.2d at 778, and that he exerted dominion and control over the drugs, see Smith, 962 F.2d at 929-30; Restrepo, 930 F.2d at 709-10; Hernandez, 876 F.2d at 778. Viewed in the light most favorable to the prosecution, the evidence is sufficient to sustain Romero-Sabori's conviction for conspiracy and possession of cocaine. See Reyes-Alvarado, 963 F.2d at 1187-88; Restrepo, 930 F.2d at 708-09.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Machado also testified that Romero-Sabori was her supplier for an attempted cocaine sale on September 23, 1991, in which she telephoned Agent Salazar from Romero-Sabori's home and was arrested after walking with the cocaine to a neighborhood store. From Machado's identification, agents immediately arrested Romero-Sabori at his home