990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chauncey RANSOM, Defendant-Appellant.
 No. 92-50102.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chauncey Ransom appeals the district court's denial of his motion for a new trial following his jury trial conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (1988). Ransom argues that a new trial should be ordered because newly discovered evidence demonstrates that a government witness committed perjury at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 
 3
 Ransom alleges that Andrew Chambers, who testified on the government's behalf, perjured himself when he denied having been arrested for a drug-related crime. Ransom's trial attorney "discovered" the alleged perjury while representing another defendant in an unrelated case. In that case, Special Agent Rowland of the Internal Revenue Service swore out a search warrant affidavit, wherein he asserted that Chambers had been arrested on drug-related charges and that the information in the affidavit had been verified through the files of the Drug Enforcement Agency.
 
 
 4
 The district court held an evidentiary hearing on Ransom's motion. Rowland testified that his warrant affidavit was incorrect; that he had merely assumed Chambers had been arrested because DEA agents informed him that an arrest had been made in a case which Rowland knew involved Ransom; and that he did not independently check the DEA files. Agent Dowtin, the DEA agent in charge of the case described in Rowland's affidavit, testified that Chambers acted as an informant throughout that case, and that Chambers never was arrested for a drug-related offense.
 
 
 5
 Our review of the record and hearing transcript convinces us that the district court did not clearly err, see United States v. Benny, 786 F.2d 1410, 1419 (9th Cir.), cert. denied, 479 U.S. 1017 (1986), in finding that Chambers did not commit perjury.
 
 
 6
 The district court concluded that even if Chambers had perjured himself, Ransom was not entitled to a new trial because he: (1) had not shown government misconduct, and (2) could not satisfy the test set forth in United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 
 7
 Ransom presented no evidence indicating either that the prosecutor knew or should have known Chambers's testimony was false or that the prosecutor failed to disclose material evidence favorable to the defense. See id. at 1427-28. The court therefore properly proceeded to the Walgren test. See id.
 
 
 8
 In the absence of government misconduct, the proponent of a new trial motion must demonstrate that the new evidence is "material, not merely cumulative or impeaching," and that the evidence "will probably produce an acquittal." Id. at 1428; see also, United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 9
 Evidence of Chambers's arrest on a drug-related charge would have served only as cumulative impeachment. Chambers's credibility already was undermined significantly by his trial admission that he had lied in previous cases while testifying as a government witness. The "newly discovered evidence" would not have produced an acquittal.
 
 
 10
 The district court did not abuse its discretion, see Reyes-Alvarado, 963 F.2d at 1188, in denying Ransom's new trial motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3