5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Lee WHITE, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al., Respondent-Appellee.
 No. 92-16733.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 26, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona; No. CV-90-00185-EHC, Earl H. Carroll, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before HUG and LEAVY, Circuit Judges, and REAL,** Chief District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 James Lee White challenges the district court's denial of his petition for a writ of habeas corpus. We review de novo a district court's decision to grant or deny a habeas petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We review the district court's factual findings, however, for clear error. Id.
 
 
 7
 The district court's jurisdiction was based upon 28 U.S.C. Sec. 2254. We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. Secs. 1291 and 2253. We affirm.
 
 I.
 
 8
 White asserts that his convictions for first and second degree murder were based upon insufficient evidence. There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992); see United States v. Hernandez, 876 F.2d 774, 777-78 (9th Cir.), cert. denied, 493 U.S. 863 (1989).
 
 
 9
 First, White attacks the evidence of his palm print on the plastic garbage bag draped over victim Nicole Waight's head. Relying on Mikes v. Borg, 947 F.2d 353, 356-57 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992), White asserts that the print failed to prove any element of the offenses for which he was convicted because the State offered no evidence that White's palm print was placed on the bag at the time of the murders or that the bag was inaccessible to White prior to the time the murders were committed.
 
 
 10
 This case is readily distinguishable from Mikes. In Mikes, the issue was "whether the evidence of Mikes' fingerprints on three posts, one of which was identified as the murder weapon, [was] sufficient by itself to allow a rational trier of fact to convict him of murder." Id. at 356. In this case, the State did not rely on the evidence of White's palm print alone. Rather, the State offered the fiber evidence, the hair evidence, the tire track evidence, the fact that White was the last person known to have been with victim Dodie Fairless based on White's admissions, and the pen and garbage bag evidence in addition to the evidence of White's palm print.
 
 
 11
 Moreover, as the State points out, this is not a case wherein the relevance of the evidence turns on whether White had access to the garbage bag prior to the time the murders were committed. The garbage bag is not relevant because White used it to commit the murders. Rather, the garbage bag with White's palm print on it is relevant because the bag was found draped over the victim's head, which suggests that White is the person who dumped the bodies in the desert.
 
 
 12
 Second, White asserts that the fiber and hair evidence was insufficient to support his convictions because the State failed to establish any connection between White and the fibers and hairs at the time of the murders. We reject White's contention. The State offered ample evidence that the fibers and hairs appeared at both White's apartment and the site where the victims' bodies were dumped.
 
 
 13
 We also reject White's arguments that the napkin evidence and the tire track evidence were insufficient to sustain his convictions. It does not matter whether any single item of evidence offered by the State is insufficient to support White's conviction. The State is entitled to rely upon all of the evidence to support its theory of the case. See Wright v. West, 120 L.Ed.2d 225, 241 (1992). Viewing all of the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crimes of which White was convicted beyond a reasonable doubt.
 
 II.
 
 14
 White contends that the prosecutor's misconduct deprived him of a fair trial. Specifically, White submits that the prosecutor elicited false testimony from an expert witness and misrepresented the evidence during closing argument.
 
 
 15
 With respect to the expert testimony, we conclude that the prosecutor properly questioned Ed Trujillo about the similarity between the fiber and hair samples recovered from the victims' bodies and those taken from White's apartment and his person. The record shows that Trujilllo did not testify that the samples "were exactly the same." Although Trujillo stated that one hair can be matched positively to another, he testified that one cannot positively testify that the hair came from a particular person. Thus, White's contention is without merit.
 
 
 16
 With respect to the prosecutor's closing argument, we recognize that "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)). "Mere improper argument does not necessarily violate a defendant's constitutional rights." Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988).
 
 
 17
 Contrary to White's contention, the prosecutor did not "completely fabricate[ ] a work of fiction, unsupported by any facts or evidence...." Although it appears that the prosecutor made some minor misstatements, particularly concerning the stakebed truck, we conclude that White's trial was not fundamentally unfair. First, the prosecutor put the jury on notice that both he and defense counsel could "draw inferences from the evidence, to kind of tell a story to show what happened based upon what the evidence shows" and that he was going to tell the jury what he thought the evidence showed. Second, White's counsel alerted the jury to the fact of the prosecutor's misstatements. Finally, the trial court instructed the jury that counsels' closing arguments are not evidence. Viewing the entire proceedings as a whole as we must, Campbell, 829 F.2d at 1457, we hold that the prosecutor's misstatements did not so infect the trial with unfairness as to make White's convictions a denial of due process. See Darden, 477 U.S. at 181-83.
 
 III.
 
 18
 White also maintains that he was denied effective assistance of counsel. He assigns error to his attorney's failure (1) to retain a tires expert to testify about the difference between the tire tracks found at the site where the victims' bodies were dumped and the tire tread on the GMC truck, and (2) to call Kimberly Ann Becker as a defense witness at trial. In addition, White asserts that his attorney committed perjury during the evidentiary hearing. To demonstrate ineffective assistance of counsel, White must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 19
 At the evidentiary hearing, White's trial attorney testified, and White acknowledged, that the tire tracks were tested by an independent crime lab in California. Further, the trial attorney testified that he believed the tests confirmed the State's expert's conclusion that the tire tracks found at the site where the victims' bodies were discovered matched those made by the GMC truck.
 
 
 20
 Also at the evidentiary hearing, White conceded that the investigator and co-counsel for the defense interviewed Kimberly Ann Becker prior to trial. White's trial attorney testified that Becker told the investigator that White was driving the pickup truck on the night of the killings, which was damaging to White's case. He testified that because the defense team believed Becker's testimony would have incriminated White, they decided not to present it.
 
 
 21
 As an initial matter, we reject White's assertion that because Becker told the police detective that she did not know what White was driving on the night in question, then trial counsel must have perjured himself during the evidentiary hearing. In addition, we note that if Becker gave the police detective a contradictory statement, then the discrepancy in her statements likely would have come out at trial had she testified. Such an outcome certainly could have damaged White's case.
 
 
 22
 We also note that had trial counsel called Becker as a witness, any testimony by Becker that White did not make any telephone calls from her apartment on the night of the murders would have been insignificant. White himself admitted that victim Dodie Fairless had been to his apartment that night.
 
 
 23
 White has offered no proof that the performance of his trial counsel was not "within the wide range of reasonable professional assistance." See id. at 689. White's trial counsel retained the services of an independent crime lab to provide expert assistance with the tire tracks evidence. Moreover, the defense team interviewed Becker and made an informed, strategic decision not to call her to testify because they believed her testimony would have damaged White's case.
 
 
 24
 We conclude that trial counsel's performance was not deficient. Thus, we need not reach the second prong of the Strickland test to determine whether trial counsel's performance prejudiced White's defense.
 
 IV.
 
 25
 Finally, White argues that the trial court's admission of the tire tracks, napkin, and telephone calls evidence offered by the State and the trial court's refusal to admit evidence that White was a victim of mistaken identity offered by defense counsel denied him a fair trial. We review the trial court's evidentiary rulings to determine whether they rendered the trial so fundamentally unfair as to deny White due process of law. See Estelle v. McGuire, 116 L.Ed.2d 385, 396-97 (1991).
 
 
 26
 We conclude that the trial court properly admitted the tire tracks, napkin, and telephone calls evidence. Similarly, the trial court's rejection of six items of evidence offered by defense counsel did not amount to an abuse of discretion. Therefore, we conclude that the trial court's evidentiary rulings did not render the trial so fundamentally unfair as to deprive White of due process.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3