26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monte D. WIXOM; Defendant-Appellant.
 No. 93-30160.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 26, 1994.
 
 Before: WRIGHT, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monte Wixom made a conditional guilty plea. He appeals the denial of his motion to suppress evidence. We affirm.
 
 
 3
 An airline employee at the Ontario, California airport searched Wixom's checked luggage. Airport police observed the search and called police at Sea-Tac Airport, Wixom's destination. There, a dog alerted to the bag. Police arrested Wixom, found drugs on him and obtained a search warrant for the bag. It had 600 grams of methamphetamine. The district court held that the Ontario search was a private one outside the Fourth Amendment and that the affidavit for search warrant established probable cause.
 
 
 4
 We review de novo the denial of a motion to suppress. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). We also review de novo whether a particular search violates the Fourth Amendment. United States v. Reed, 15 F.3d 928, 930 (9th Cir.1994). But we accept the district court's factual findings unless clearly erroneous. Id.
 
 
 5
 The Fourth Amendment does not protect against unreasonable searches by a private person, unless that person is acting as a government agent or instrument. Id. at 930-31. Wixom makes two arguments why the Ontario airport employee acted as a government agent: 1) the police officers' observation of the search; and 2) government regulation of airport security.
 
 
 6
 A private person acts as a government instrument if 1) the government knew of and acquiesced in the intrusive conduct, and 2) the party performing the search intended to assist law enforcement efforts or further her own ends. Id. at 931. The police officers knew of the search. But the district court found that the airline employee was "motivated by an appropriate and reasonable concern for airline safety and not for any other law enforcement purpose." This finding was not clearly erroneous.
 
 
 7
 The airline employee said she was suspicious of Wixom because of his nervous demeanor, he paid cash for a one-way ticket, he left the ticket counter abruptly in an apparent attempt to distance himself from the checked bag (even though he had more than an hour to catch his flight), he checked a bag small enough to be carried on, and there was no identification on the bag.
 
 
 8
 The mere presence of the police officers did not change the character of the search. They were present only at the employee's request and did not instruct her. She called them only to protect herself against potential claims of theft.
 
 
 9
 This case is distinguishable from United States v. Reed, supra. There, a hotel manager suspected that one of his guests was using his hotel room for drug activities. He called the police and requested that officers be dispatched to protect him while he searched the room. Reed, 15 F.3d at 930.
 
 
 10
 We held that the search was government action. Id. at 933. We reasoned that the manager's only motive was to find evidence of criminal activity. He said he "wanted to give the police enough information so that they knew that there may be things happening in the room that they wanted to take action on." He also had attended a number of classes on how to determine when a hotel guest was dealing drugs. Id. at 931.
 
 
 11
 The manager clearly went beyond any legitimate interest in protecting hotel property when he searched the defendant's briefcase and the dresser drawer. Id. at 932. The police officers made no attempt to discourage the manager from doing so. Moreover, we noted that the officers served a vital purpose--they were lookouts and made the manager feel comfortable searching the room. Id.
 
 
 12
 Those factors are not present here. The airport police officers did not serve the same vital purpose. Moreover, the airline employee had a legitimate motivation other than preventing criminal activity. Compare United States v. Gomez, 614 F.2d 643 (9th Cir.1979) (airline employee who opened checked bag to determine identity of the owner was not a government agent even though he was assisted by police) with United States v. Walther, 652 F.2d 788, 792 (9th Cir.1981) (airline employee who had extensive contact with DEA as a former confidential informant and who opened a package with the expectation of a probable reward was a government agent). The presence of the officers did not make the airline employee a government agent.
 
 
 13
 In the alternative, Wixom argues that the airline employee was a government agent because she acted under an airline policy and FAA regulations. He did not raise this argument below and the district court made no findings about the airline policy or FAA regulations.
 
 
 14
 We refuse to consider issues not raised below except:
 
 
 15
 (1) to prevent a miscarriage of justice,
 
 
 16
 (2) where a change in the law raises a new issue while the appeal is pending, or
 
 
 17
 (3) the issue is purely one of law and does not depend on the factual record or the relevant record has been developed.
 
 
 18
 United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 19
 The relevant record was not developed below. We disagree with Wixom that the government invited "both the defendant's failure to address and provide evidence and the district court's failure to address and make findings regarding the impact of the FAA's regulatory scheme in this case."[1]
 
 
 20
 Failure to consider the issue would not result in a miscarriage of justice. Even if the airport search violated FAA regulations, other evidence established reasonable suspicion for the dog sniff which established probable cause.
 
 
 21
 Finally, Wixom argues that the affidavit did not establish probable cause.[2] We will not reverse a magistrate's finding of probable cause unless it is clearly erroneous. United States v. Schmidt, 947 F.2d 362 (9th Cir.1991). We need find only that "under the totality of the circumstances the magistrate had a substantial basis for concluding that probable cause existed." United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986).
 
 
 22
 The affidavit said that 1) Wixom bought a one-way ticket with cash, 2) a narcotics dog alerted to his bag, and 3) a plastic bag containing drugs had been found in his pocket during a subsequent search incident to arrest. Under the totality of the circumstances, the magistrate could conclude that probable cause existed to search Wixom's bag for narcotics.
 
 
 23
 We reject Wixom's argument that the affidavit was insufficient because it did not describe the "nature or quality" of the police dog's training, or statistical evidence about her success. The affidavit said that the dog 1) received 16 weeks of narcotics detection training, 2) was trained to detect the odor of marijuana, hashish, heroin, cocaine, crack cocaine and methamphetamine, 3) participated in over 50 searches, and 4) was instrumental in seizures of tar heroin, cocaine and marijuana. It also said that Officer Hill, the dog's handler, had several years of experience as a narcotics investigator and dog handler and that he and the dog received 120 hours of formal training together. This information established the dog's reliability.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Wixom says the "FAA regulatory scheme issue went virtually unnoticed at the suppression hearing ... because the government did not reveal the airport search ... [until] its responsive pleading to the defendant's motion to suppress." But Wixom had ten days before the hearing. He did not move for a continuance and did not mention the issue at the hearing. Instead, he argued that Ontario officials did not tell Seattle police about the airport search and there was no reasonable suspicion for the dog sniff
 
 
 [2]
 He also argues that the affidavit had a material omission because it did not mention the Ontario search, which he says violated the Fourth Amendment. Because we find otherwise, we need not address this issue. The only remaining issue is whether the affidavit established probable cause without mention of the Ontario search