141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Yolanda ANDRADE, Defendant-Appellant.
 No. 95-50024.
D.C. No. CR-92-00457-MRP.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 2, 1998.
Decided March 24, 1998.
 
 Appeal from the United States District Court for the Central District of California Mariana Pfaelzer, District Judge, Presiding.
 Before BRUNETTI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Yolanda Andrade appeals her conviction for violation of 21 U.S.C. § 841(a)(1), possession of a controlled substance with intent to distribute. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 A. Sufficiency of the Evidence
 
 3
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Ross, 112 F.3d 422, 425 (9th Cir.1997). Circumstantial evidence and inferences drawn from it can be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.1992).
 
 
 4
 Andrade contends that the evidence presented was insufficient to support her conviction because the government failed to read a stipulation to the jury establishing the type and quantity of substance seized. However, aside from the stipulation, the government introduced testimony, photographic evidence and physical evidence, unchallenged by Andrade, consistently identifying the substance as cocaine. Taken as a whole, this evidence provided a sufficient basis for the jury finding that Andrade had a measurable amount of cocaine in her possession. See Jordan v. United States, 416 F.2d 338, 344 (9th Cir.1966) (jury need only find that some measurable amount of a controlled substance existed).
 
 
 5
 B. Sentencing Departure for Minimal or Minor Role
 
 
 6
 The district court did not err by refusing to depart downward for Andrade's role in the offense. United States Sentencing Commission, Guidelines Manual, § 3B1.2 (Nov.1994). Possession of substantial amounts of narcotics alone is sufficient for a district court to refuse to depart from the sentencing guidelines for minimal or minor role in the offense. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). The district court had evidence before it establishing that fifty kilograms of 93% pure cocaine was seized from the trunk of Andrade's car. This quantity confirms the district court's refusal to depart.
 
 
 7
 C. Sentencing Departure for Acceptance of Responsibility
 
 
 8
 A district court may consider the timing of an acceptance of responsibility when determining the appropriate adjustment. USSG § 3E1.1 comment. (n. 1(h)).
 
 
 9
 Here, the district court specifically found that too much time had passed between Andrade's March, 1993 conviction and her alleged disclosure of responsibility in approximately May, 1994.[1] The district court did not err when it declined to depart for acceptance of responsibility.
 
 
 10
 D. Sentencing Departure for Assistance to Government
 
 
 11
 Absent a motion by the government, a district court generally lacks the authority to depart downward for assistance under USSG § 5K1.1.[2] United States v. Murphy, 65 F.3d 758, 762 (9th Cir.1995). Only if the government improperly refuses to move for a downward departure under section 5K1.1 may the district court depart downward for substantial assistance. Id.
 
 
 12
 Andrade makes no claim that the government improperly refused to move to depart downward for substantial assistance. Therefore, the district court had no discretion to depart downward under section 5K1.1, and properly declined to do so.
 
 
 13
 E. Sentencing Departure for Extraordinary Physical Condition
 
 
 14
 Andrade contends a statement by the court during sentencing shows the district court committed clear error by determining it had no discretion to depart for her asserted extraordinary physical condition. We disagree.
 
 
 15
 A review of the record shows the district court's statement emphasized by Andrade addressed a criminal history departure, not a departure for physical condition. The district court exercised its discretion to refuse the downward departure for physical condition well in advance of the statement isolated by Andrade. We therefore decline to review the district court's refusal to depart downward for Andrade's deteriorating physical condition.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At sentencing, Andrade's counsel set the approximate date of her statement to agents in the Eastern District of Michigan as seven months before the sentencing hearing. The sentencing hearing took place in December 1994
 
 
 [2]
 Andrade's Opening Brief questions the district court's failure to depart under USSG § 5K1.2. Because that section pertains to refusal to assist authorities, we address Andrade's argument as one for a section 5K1.1 departure for substantial assistance