**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30240 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00041-RSL |
| v. | |
| RODNEY LEE ROLLNESS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted September 27, 2011[**]

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Rodney Lee Rollness appeals pro se from the district court's denial of his

motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rollness contends that he is entitled to a new trial because the government failed to provide him evidence indicating that a witness had identified a person other than Rollness as having committed the murder for which Rollness was convicted. This contention is belied by the record, and the district court did not abuse its discretion when it denied Rollness' motion for a new trial under Fed. R. Crim. P. 33. *See United States v. Hinkson*, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc).

Rollness raises a number of issues for the first time on appeal, including claims that the government failed to provide exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963); that his counsel provided ineffective assistance; and that his right to due process was violated because of cumulative errors. These claims are not properly before the court. *See* Fed. R. Crim. P. 33(b). Moreover, Rollness has failed to show plain error concerning these remaining claims. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

The district court did not abuse its discretion in finding that an evidentiary hearing was unnecessary. *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188-89 (9th Cir. 1992).

**AFFIRMED.**