**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10117 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00343-LJO-2 |
| v. | |
| RONALD JOHN SALADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted January 12, 2015
San Francisco California

Before: NOONAN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Ronald Salado appeals his jury convictions for money laundering and his

sentence for conspiracy to commit mail fraud and bank fraud, two counts of mail

fraud, nine counts of bank fraud, and two counts of money laundering, resulting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

from a conspiracy to defraud almond growers and processors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salado moved for acquittal "on all the allegations." However, the only bases for his motion were the credibility of two witnesses and the sufficiency of the evidence proving his theft of almonds. Salado did not raise the sufficiency of the evidence to support his money laundering convictions. Plain error review of this claim is therefore appropriate. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

However, regardless of the standard of review, there simply was no error here. A rational jury could have found all of the elements of money laundering beyond a reasonable doubt. *See United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir.), *cert. denied*, 135 S. Ct. 131 (2014). First, there was sufficient direct and circumstantial evidence that Salado violated 18 U.S.C. § 1957. *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992). Second, by testifying, Salado exposed himself to the "risk that if disbelieved, the trier of fact may conclude that the opposite of his testimony is the truth," and thus that he paid for the car with criminal proceeds. *United States v. Cordova-Barajas*, 360 F.3d 1037, 1041-42 (9th Cir. 2004) (quoting *United States v. Kenny*, 645 F.2d 1323, 1346 (9th Cir. 1981)).

We review for plain error Salado's claim that the district court incorrectly applied the Sentencing Guidelines because Salado did not object to the alleged error at sentencing. *See United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc). Again, there was no error of any kind here. The district court properly applied a base offense level of seven per § 2B1.1(a)(1). The Sentencing Guidelines' index references § 2S1.1(a)(1) for crimes committed under 18 U.S.C. § 1957. In turn, the former cross-references § 2B1.1, stating the base offense level is "[t]he offense level for the underlying offense from which the laundered funds were derived." § 2S1.1(a)(1). The base offense level under § 2B1.1(a)(1) is seven, "if (A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more." Salado was convicted of the underlying offenses of mail fraud and bank fraud, each punishable by a statutory maximum term of imprisonment of twenty years or more. Thus, the district court did not err.

Further, the district court's loss calculation of $1 to $2.5 million was a "reasonable" estimate based on Salado's convictions for conspiracy and fraud, and was not clearly erroneous. *See United States v. Treadwell*, 593 F.3d 990, 1001-04 (9th Cir. 2010); *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir. 1999).

Accordingly, we **AFFIRM**.

3