NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID G. CONTRERAS, | No. 17-16598 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-03963-BLF |
| v. | |
| GEORGE L. MEE MEMORIAL HOSPITAL, AKA Mee Memorial Hospital, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted December 20, 2018**
San Francisco, California

Before: M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

David G. Contreras appeals from the district court's grant of summary

judgment in favor of George L. Mee Memorial Hospital as to Contreras's claims

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900–96. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1138 (9th Cir. 1997), we affirm.

The district court properly held that the Hospital met its burden of articulating a legitimate, nondiscriminatory reason for terminating Contreras's employment. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Contreras failed to follow the Hospital's protocol of securing patient valuables during x-ray examinations despite receiving a final written warning notifying him that failure to follow the protocol could result in the termination of his employment.

The district court also properly concluded that Contreras did not "raise a triable issue of material fact as to whether the [Hospital's] proffered reason[] for" terminating Contreras's employment was "mere pretext for unlawful discrimination." *See Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (quoting *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010)). Contreras argues that other employees did not always follow the protocol. But even if true, this evidence does not demonstrate pretext because Contreras is not similarly situated with these other employees. *See Vasquez v. County of Los Angeles*, 349

2

F.3d 634, 641 (9th Cir. 2003) (stating that employees are "similarly situated when they have similar jobs *and display similar conduct*") (emphasis added). No other employee was accused of theft, whereas Contreras's patients accused him of theft on four prior occasions. After the Hospital gave Contreras a final written warning instructing him to follow the protocol, another one of Contreras's patients complained of theft. The Hospital conducted an investigation and concluded—and Contreras admitted—that he did not follow the protocol.[1]

**AFFIRMED.**

---

[1] We decline to address Contreras's argument that the district court applied the incorrect causation standard to his FEHA claim because Contreras invited the purported error. *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992) ("The doctrine of invited error prevents a [litigant] from complaining of an error that was his own fault.").