NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SENTINEL OFFENDER SERVICES, LLC, a Delaware limited liability company, Plaintiff-Appellant, v. G4S SECURE SOLUTIONS, INC., A Florida corporation, Defendant-Appellee. | No.    17-55559 D.C. No. 8:14-cv-00298-JLS-JPR MEMORANDUM[*] |
| SENTINEL OFFENDER SERVICES, LLC, a Delaware limited liability company, Plaintiff-Appellee, v. G4S SECURE SOLUTIONS, INC., A Florida corporation, Defendant-Appellant. | No.    17-55785        17-55987 D.C. No. 8:14-cv-00298-JLS-JPR |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted May 17, 2019

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,** District Judge.

In this appeal and cross-appeal, both parties challenge the district court's ruling and award of damages and attorneys' fees following a bench trial. Appellant and Cross-Appellee Sentinel Offender Services, LLC, ("Sentinel") appeals the district court's damages award as insufficient. Appellee and Cross-Appellant G4S Secure Solutions (USA), Inc., ("G4S") appeals the district court's decision on liability in favor of Sentinel and its award of attorneys' fees to Sentinel.

Sentinel sued G4S for breach of contract, fraud, and negligent misrepresentation based on alleged statements and omissions related to Sentinel's acquisition of G4S's subsidiary, G4S Justice Services, LLC ("Justice"). Specifically, Sentinel alleged that G4S misrepresented that Justice had a "good probability" of winning a pending bid for a contract, and deliberately withheld that Justice's bid did not comply with mandatory technical specifications. Sentinel sued G4S when, following Sentinel's acquisition of Justice, it did not obtain the contract.

After a bench trial, the district court found G4S liable for fraud and negligent misrepresentation but not breach of contract. The district court awarded

---

** The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Sentinel $456,328 in compensatory damages and awarded Sentinel attorneys' fees as the prevailing party.

The district court had subject-matter jurisdiction under 18 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291.

We have considered the following issues and affirm.

1.     G4S argues that the district court erred when it concluded that G4S was liable for fraud and negligent misrepresentation. G4S contends that its "good probability" statement was not a misrepresentation, or, alternatively, that the misrepresentation was not actionable because it was merely an opinion. Sentinel responds that the factual record supports the district court's conclusion.

We review the district court's findings of fact for clear error. *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). After careful review of the record, and in light of the standard of review, we reject G4S's argument. The district court found that G4S's misrepresentation was actionable based on its credibility assessment of the witnesses at trial. We cannot say that the district court committed clear error in its credibility findings. These credibility assessments, along with the sufficient evidence in the record cited by the district court, support our conclusion that the district court did not clearly err in holding G4S liable to Sentinel for fraud and negligent misrepresentation.

2.     Sentinel argues that the district court's award of damages was

insufficient and erroneous. It first contends that the district court employed the incorrect standard of damages as a matter of law when it applied California Civil Code section 3333, requiring modification of the judgement or, alternatively, a new trial limited to damages. Sentinel argues that the district court should have instead applied California Civil Code section 3343, the standard of damages for fraud by a non-fiduciary. Additionally, Sentinel contends that the district court erred in its calculation of damages. Sentinel argues that the district court's award should have included the mezzanine financing it obtained to cover the purchase price.

G4S responds that the district court applied the standard of damages proposed by Sentinel, and thus that Sentinel should be judicially estopped from raising an argument on this issue. Moreover, G4S contends that any error in calculating damages was harmless because the standard applied by the district court, section 3333, is broader than section 3343, the standard Sentinel now argues should have been applied. Finally, G4S asserts that the district court's calculation of damages was not clearly erroneous.

Initially, we conclude that any error in the district court's choice to evaluate damages under section 3333 was invited by Sentinel. Sentinel's Proposed Findings of Fact and Conclusions of Law proposed that the district court apply section 3333 in awarding damages for fraud. *United States v. Reyes-Alvarado*, 963 F.2d 1184,

4

1187 (9th Cir. 1992), *as amended* (June 15, 1992) ("The doctrine of invited error prevents a [party] from complaining of an error that was his own fault."). We also agree that any error in the district court's application of section 3333 was harmless because that section uses a "broader" measure of damages than section 3343. *Alliance Mortgage Co. v. Rothwell*, 44 Cal. Rptr. 2d 352,  361 (1995).

We review the district court's computation of damages under the clearly erroneous standard. *Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1999).

We do not find clear error in the district court's calculation of damages. The district court properly concluded that, notwithstanding G4S's fraud, Sentinel was not entitled to the entire amount of the lost contract. Rather, the district court reasonably fashioned a measure of damages based upon the value Sentinel had agreed to assign to other pending bids, as proposed by G4S's expert witness. Under this calculation, the district court awarded Sentinel a portion of the amount Sentinel paid to acquire Justice, not only which accounted for the fact that there had been a misrepresentation and an omission, but also for the fact that Sentinel knew that there was no guarantee that Justice would win the pending contract. This was a proper out-of-pocket damages calculation, as required under California law.

Moreover, it was within the district court's discretion to decline to award damages for the interest paid by Sentinel for mezzanine financing. The district court properly considered this element of proposed damages, and was not required

by California law to award it. We affirm the district court's award of damages.

3.     Finally, G4S asserts that the district court erred in imposing attorneys' fees in favor of Sentinel. G4S contends that, because it was successful on the contract claim, it should have been awarded attorneys' fees as the prevailing party on the contract under California Civil Code section 1717. Sentinel responds that the district court properly found that it was the prevailing party under California Code of Civil Procedure section 1032. Both parties appear to agree that the "litigation objectives" test is the proper method for designating a prevailing party.

We review the district court's award of attorneys' fees for abuse of discretion. *Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir. 2003).

The district court carefully considered California law on the issue of attorneys' fees and discussed both section 1717 and section 1032 at length. It then appropriately concluded that Sentinel achieved more of its "litigation objectives" than G4S because it obtained a "net monetary recovery." The district court did not abuse its discretion in awarding attorneys' fees to Sentinel. Accordingly, we affirm the district court's award of attorneys' fees.

**AFFIRMED.**

6                                                                              17-55559