24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Merle L. ROYSE, Petitioner-Appellant,
v.
Tana WOOD, Superintendent, Washington State Penitentiary,
Respondent-Appellee.
 No. 93-35413.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.
Decided May 4, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Royse was convicted in 1977 of First Degree Rape. He was sentenced to life in prison. The Board of Prison Terms and Paroles (now the Indeterminate Sentence Review Board) gave him a 30-year minimum term. The Board later lowered his minimum to 180 months.
 
 
 3
 Royse has filed numerous state habeas petitions. Most have been denied on state procedural grounds. He filed his first federal petition in 1987. The district court dismissed it on the merits. In his latest petition, he raises six claims. The district court adopted the magistrate's report and recommendation. It dismissed claims 1(a) and 4 as successive; claims 1(b), 2 and 3 as an abuse of the writ; and claims 5 and 6 because they are not cognizable in a petition for habeas corpus. Royse appeals. We affirm.
 
 
 4
 We review de novo the decision whether to grant or deny a petition for habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We review for abuse of discretion the decision to not reach the merits of a petition on the ground that it is abusive or successive. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992).
 
 
 5
 1. Abandoned claims.
 
 
 6
 Royse raised six claims in his petition for habeas corpus. Five are abandoned because they are not addressed in his opening brief. Wilcox v. Commissioner of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (arguments not addressed in pro se brief are deemed abandoned); see also Hillis Motors, Inc. v. Hawaii Auto Dealers' Ass'n, 997 F.2d 581, 584 n. 4 (9th Cir.1993) (issues raised for the first time in a reply brief are not subject to review).
 
 
 7
 2. Royse's 6th claim.
 
 
 8
 This claim was that "changes in state laws and regulations since [his] conviction, which require [him] to submit to testing or evaluation to obtain release from prison or to submit to testing or evaluation after release from prison, violate the Ex Post Facto Clause." He also raises this on appeal.
 
 
 9
 Royse did not specify the state laws and regulations that violate the Ex Post Facto Clause. He says little more on appeal. He says the new laws impose special conditions on him "before [he] can have custody promotions and/or be released from confinement. These conditions imposed after a guilty plea are that appellant must take anger management program, substance abuse program (chemical dependency), alcohol abuse program, psychological evaluation, urinalysis testing during confinement and/or if on parole, and DNA testing."
 
 
 10
 But he fails to identify the allegedly ex post facto laws and regulations. He also fails to allege that they affect his custody.[1] The district court properly dismissed the claim.
 
 
 11
 3. Other issues on appeal.
 
 
 12
 Royse raises several new claims on appeal. They were not raised before the district court. We will not consider issues not raised below, except 1) to prevent a miscarriage of justice; 2) where a change in the law raises a new issue while the appeal is pending; or 3) the issue is purely one of law and does not depend on the factual record, or the relevant record has been developed. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). Because none of these exceptions apply, we do not consider the new issues.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Washington requires sex offenders to provide blood samples for DNA analysis. RCW 43.43.754. That law, however, applies only to persons convicted after July 1, 1990