24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joe Ricardo RENTERIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55687.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe R. Renteria appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction and sentence. Renteria contends that the government's decision to prosecute him was unconstitutionally motivated. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2255. We review de novo the district court's denial of Renteria's section 2255 motion. See United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We affirm.
 
 
 3
 In April 1990, in El Paso, Texas, Renteria agreed to purchase 1,000 pounds of marijuana from a confidential informant working for the United States Customs Service. On 1 June 1990, Renteria provided the informant with "front money" for the purchase of the marijuana. On 14 June 1990, Renteria travelled to Arcadia, California, in an attempt to purchase three kilograms of cocaine. During the purchase of the cocaine, Renteria was arrested by the local police. Renteria pleaded guilty and was sentenced on 10 January 1991, by the California Superior Court for Los Angeles to two years imprisonment for possession or purchase for sale of a controlled substance. Renteria was paroled on 21 August 1991.
 
 
 4
 In May 1991, a federal grand jury sitting in El Paso, Texas, named Renteria in a five-count indictment alleging his participation in a conspiracy to purchase and distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. Secs. 846, 841(a)(1). In late September 1991, Renteria was arrested in the Central District of California on the pending federal indictment. Renteria entered into a case settlement agreement with the Government, and on 10 February 1992, the district court accepted Renteria's guilty plea and sentenced Renteria to sixty months imprisonment.
 
 
 5
 Renteria contends that the decision to prosecute him in federal court was motivated by the fact that he is of Mexican-American heritage and that a United States Customs Service agent had a personal vendetta against Renteria. This contention lacks merit.
 
 
 6
 "No one is entitled to call the prosecution to answer for a particular charging or plea bargaining decision without making a prima facie showing that wrongful discrimination is taking place." United State v. Redondo-Lemos, 955 F.2d 1296, 1302 (9th Cir.1992). To make a prima facie showing of discriminatory action, the defendant "must present enough evidence to demonstrate a reasonable inference of invidious discrimination." Id.
 
 
 7
 Renteria argues that his sentence is unconstitutional because it was "tainted by arbitrary and vindictive government conduct." As evidence of this discrimination, Renteria submitted his own affidavit with his section 2255 motion. In his affidavit, Renteria avers that his federal prosecution was motivated by "a personal vendetta and abuse of prosecutorial power." Renteria's affidavit, however, contains no evidence from which one could reasonably infer that his federal prosecution was racially motivated. Thus, based on the record before us, we conclude that Renteria has not made a prima facie showing that his federal prosecution was unconstitutionally motivated. See Redondo-Lemos, 955 F.2d at 1302.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Renteria's request to waive oral argument is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Renteria also argues that his trial counsel was constitutionally ineffective. This claim was not presented to the district court. Because this court generally does not consider issues raised for the first time on appeal, see United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992), we decline to consider this claim