37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Willie R. FINLEY, Plaintiff-Appellant,
v.
Samuel LEWIS; et al., Defendants-Appellees.
 No. 94-15654.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Willie Ray Finley appeals pro se the district court's summary judgment for the prison officials in his 42 U.S.C. Sec. 1983 action. Finley alleged that his due process rights were violated when he was placed in administrative detention. On appeal, Finley alleges that the district improperly failed to consider several post-judgment motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 
 4
 Finley contends that he had a protected liberty interest in remaining in the general prison population, and that the defendants deprived him of that right by placing him in administrative segregation. Finley argues that state regulations create the protected liberty interest. This contention lacks merit.
 
 
 5
 The Due Process Clause does not create a liberty interest in remaining in the general population of a prison. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). State statutes or regulations may, however, create a protected liberty interest in remaining in the general population. Id. at 470-72. In order to create such an interest, the statute or regulation must "establish 'substantive predicates' to govern official decisionmaking and [mandate] the outcome to be reached upon a finding that the relevant criteria have been met." Mendoza v. Blodgett, 960 F.2d 1425, 1428 (9th Cir.1992) (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989)), cert. denied, 113 S.Ct. 1005, 1027 (1993). Therefore, "[i]f a decisionmaker can make his decision for any constitutionally permissible reason or for no reason at all, the state has not created a liberty interest." Id. (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983)).
 
 
 6
 Finley is an inmate at the Arizona State Prison Complex at Florence. On 17 January 1992, as a result of disciplinary violations, Finley was placed into the CB3 unit. Inmates housed in CB3 are closely monitored and supervised because of their propensities for dangerous activities. Finley argues that Arizona Department of Corrections Internal Management Policy (IMP) 302.14 confers a state-created liberty interest in remaining in the general population.[1] We disagree.
 
 
 7
 We acknowledge that Policy 302.14 states that "Wardens and Deputy Wardens shall make detention placements in accordance with the guidelines set forth in section 5.1.1 through 5.1.5." Nevertheless, we conclude that the use of the word "shall" does not sufficiently limit the warden's discretion. Indeed, section 5.1.5 clearly states that a prisoner may be placed in detention "to ensure the safe, secure and orderly operation of a prison or facility." Because prison officials are entrusted with the safe and efficient operation of a prison, see e.g., Hewitt, 459 U.S. at 470, Arizona prison officials, pursuant to section 5.1.5, have discretion to make detention decisions for any reason to secure and ensure institutional safety, see Olim, 461 U.S. at 249; Mendoza, 960 F.2d at 1428. Therefore, the State of Arizona did not intend to create a liberty interest in staying in the general population. Accordingly, because Finley has failed to show that the defendants violated a state-created liberty interest, the district court properly granted summary judgment for the defendants. See Nishimoto, 903 F.2d at 712.
 
 
 8
 Finley's challenge to the district court's treatment of his post-judgment motions also is without merit. Finley's filing of his notice of appeal on 16 February 1994, deprived the district court of jurisdiction to hear the motions. See e.g. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 379 (1985) (filing notice of appeal confers jurisdiction upon appellate court and divests district court of jurisdiction).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the district court, Finley also argued that IMP 500.1 conferred a state-created liberty interest in remaining in the general population. Finley expressly waived this argument in his opening brief. See Appellant's Opening Brief at 16
 
 
 [2]
 On appeal, Finley argues that his placement in CB3 violated IMP 361.01. Finley did not present this argument before the district court and we decline to consider the merits of this claim for the first time on appeal. See e.g. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992), cert. denied, 113 S.Ct. 258 (1992)