37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Perez BUSTILLO, Defendant-Appellant.
 No. 93-50763.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 14, 1994.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS**, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 In 1991, defendant Fernando Perez Bustillo was convicted of murder, in violation of 18 U.S.C. Sec. 1111; assault with intent to commit murder, in violation of 18 U.S.C. Sec. 113; assault on a federal corrections officer, in violation of 18 U.S.C. Sec. 111; and possession of a weapon by a prison inmate, in violation of 18 U.S.C. Sec. 1791. Two years later, Bustillo filed a motion for a new trial based on newly discovered evidence, a motion for discovery, and a motion for the appointment of counsel. He also claimed that his trial counsel's assistance was ineffective. The district court summarily denied the motions. We affirm.
 
 
 4
 * MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE
 
 AND MOTION FOR THE APPOINTMENT OF COUNSEL
 
 5
 We review the denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). The defendant carries a significant burden to show that the district court abused its discretion in denying the motion for a new trial. United States v. Endicott, 869 F.2d 452, 454 (9th Cir.1989). A defendant seeking a new trial based on a claim of newly discovered evidence must establish each of the following elements: 1) the evidence was newly discovered and unknown at the time of trial; 2) the evidence is material; 3) the evidence will probably produce an acquittal; 4) failure to learn of the evidence sooner was not due to lack of diligence. United States v. Davis, 960 F.2d 820, 824-25 (9th Cir.), cert. denied, 113 S.Ct. 210-11 (1992).
 
 
 6
 Bustillo based his motion for a new trial on four pieces of evidence and allegations of prosecutorial misconduct. The district court ruled that the motion lacked merit. We agree. As a preliminary matter, we note that because the evidence supporting Bustillo's motion was disclosed to his trial counsel before trial, it does not satisfy the first prong of the Davis test. Moreover, even if the evidence were new and previously unknown, Bustillo has not established that the evidence is material or that it would be likely to produce a different result.[1]
 
 
 7
 The first piece of evidence Bustillo tenders is a prison discipline report in which a prison official indicates that inmate Highwalker said that he was asleep when Bustillo entered his cell to stab him. In court, Highwalker testified that he had just awakened when Bustillo entered his cell. Bustillo argues that this discrepancy reveals that he "couldn't possibly have attempted to murder Highwalker upon entering his cell simply because the victim was sleeping." Appellant's Br. at 7. However, the evidence indicated that Bustillo assaulted Highwalker because he was gay, not because he was sleeping. Therefore, the possible discrepancy in Highwalker's story is not exculpatory, and is entirely immaterial.
 
 
 8
 The second piece of evidence Bustillo tenders is a prison memorandum which reports that, after assaulting Highwalker, Bustillo entered inmate Kingsberry's cell and attempted to assault him as well. Contrary to Bustillo's assertions, this memo does not suggest that "at least several prisoners were involved in a physical struggle" and that Bustillo therefore acted in self defense. Appellant's Br. at 8. The memo does not report that inmates were engaged in a struggle, but that Bustillo attempted to attack Kingsberry. It is inculpatory, and therefore not a material piece of evidence for securing a new trial.
 
 
 9
 The third piece of evidence Bustillo tenders is a prison memorandum reporting that the decedent, inmate Gilmore, "grabb[ed] at" Bustillo before Bustillo killed him. Again, Bustillo argues that this evidence tends to prove that he acted in self defense. Because he had just stabbed another inmate and was armed, whereas the decedent was unarmed, Bustillo's argument is implausible, and therefore this evidence is not material for the purposes of securing a new trial.
 
 
 10
 The fourth piece of evidence Bustillo tenders is a letter from the Federal Bureau of Investigations supporting a hardship transfer for inmate Robert Wolfe, a witness against Bustillo, based on his cooperation with the government in Bustillo's case.[2] At trial, Wolfe, a witness to the killing, denied having been given any favors for testifying. RT at 546. The FBI report, therefore, may have impeached Wolfe's credibility as a witness. However, it is settled that "[e]vidence which is merely impeaching is not sufficient to support a motion for a new trial." United States v. Alexander, 695 F.2d 398, 402 (9th Cir.1982) (citations omitted), cert. denied, 462 U.S. 1108-09 (1983). This evidence alone is not enough to support a new trial.
 
 
 11
 Finally, Bustillo alleges that the government engaged in misconduct which requires a new trial. He claims that the government suppressed a memorandum which indicated that the prison recreation yard was closed at 6:00 a.m. on the morning of the killings. Even if true, the memorandum is irrelevant.
 
 
 12
 Bustillo next argues that the government destroyed the sweatshirt that he wore the morning of the killing (and thereby, evidence that he acted in self defense), and replaced it with another one which was admitted as evidence at trial. Bustillo made this allegation in his trial testimony. RT at 1008. The jury evaluated the evidence, and found Bustillo guilty. Bustillo's bare insistence on this point cannot warrant a new trial.
 
 
 13
 Bustillo then argues that a prison official perjured himself on the stand when he testified that Bustillo was awake all night before the killing, implying that he premeditated the murder. RT at 247-48. Bustillo offers no evidence to establish that this testimony was perjured. More importantly, there was other, more powerful evidence of premeditation that was not disputed, including the knife and "shield" Bustillo fashioned.
 
 
 14
 Singularly and collectively, the evidence Bustillo offers does not suggest that an acquittal would be likely if a new trial were ordered. The district court, therefore, did not abuse its discretion in denying the motion for a new trial based on newly discovered evidence. Because the district court did not order a new trial, its denial of the motion for the appointment of counsel was correct.
 
 II
 MOTION FOR DISCOVERY
 
 15
 We review a district court's order denying discovery for an abuse of discretion. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990). Requests for discovery under Fed.R.Crim.P. 16 must be brought before trial. Fed.R.Crim.P. 12(b)(4). Since the district court did not order a new trial, its denial of discovery was not an abuse of discretion.
 
 III
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 16
 Whether a defendant received ineffective assistance of counsel is reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). A defendant must demonstrate that counsel's actions were "outside the wide range of professionally competent assistance," and that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 690-91 (1984). Bustillo argues that his trial counsel became an arm of the prosecution team, and helped suppress the pieces of evidence we discussed above. Because that evidence was of little value, defense counsel's choice to disregard it was professionally competent. Moreover, there is no evidence that Bustillo's counsel was so deficient as to cause prejudice. Strickland, 466 U.S. at 693. The district court's dismissal of the request for a new trial based on ineffective assistance of counsel was correct.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Danny J. Boggs, United States Circuit Judge, Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Newly discovered evidence "must be material to the issues involved, not merely cumulative or impeaching, and must indicate that a new trial probably would produce an acquittal." United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986)
 
 
 [2]
 Bustillo also tenders a letter regarding inmate Timothy Frazier's cooperation with the government on another case. Timothy Frazier was not a witness against Bustillo, so this evidence is irrelevant. Bustillo's charge that Frazier attacked him during the trial as part of a governmental plan is unsupported by evidence