60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gene CAMP, Victor Camp, Todd Oatman, Defendants-Appellants.
 Nos. 94-30292, 94-30303, 94-30304.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 29, 1995.
As Amended Dec. 22, 1995.
 
 Before: BROWNING, WRIGHT and T. G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gene Camp, Victor Camp and Todd Oatman were convicted of conspiracy to commit robbery and attempted robbery. Gene Camp was also convicted of using a firearm during a violent crime. They appeal their convictions and sentences. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and reverse and remand in part.[1]
 
 1. ADMISSIBILITY OF EVIDENCE
 
 3
 a. Koenig's Testimony[2]
 
 
 4
 The attenuated basis exception applies where the connection between the illegality and the evidence has become sufficiently weak so as to dissipate the taint. Wong Sun v. United States, 371 U.S. 471, 488 (1963). This exception is applied more generously to live witness testimony than to inanimate objects. United States v. Ceccolini, 435 U.S. 268, 280 (1978).
 
 
 5
 There is no indication in this record that agents conducted the search only for the purpose of discovering witnesses. During the search, after an initial period of detention, Koenig suggested that he and Agent Kissane have some coffee and talk. Koenig made statements and was arrested. Thereafter, he signed a plea agreement with the Government, agreeing to provide truthful testimony. He testified at trial seven months later. The connection between the illegality and the testimony was weak. The district court did not abuse its discretion. See United States v. Blaylock, 20 F.3d 14598, 1462 (9th Cir. 1994).
 
 
 6
 b. Contents of Shed
 
 
 7
 Agents asked Gene Camp if they might search the shed. He agreed, signed a consent agreement and provided the keys. At this time, he was free to move about or to leave the area. He was not in custody. During the search, he was courteous and cooperative, not excited or flustered. He was not told that, if he refused to consent, a warrant would be obtained. Considering the totality of the circumstances, we find that the court did not clearly err in finding that Gene Camp voluntarily consented to the search. See United States v. Kim, 25 F.3d 1426, 1431-32 (9th Cir. 1994).
 
 
 8
 c. Gene Camp's Statements[3]
 
 
 9
 In light of the overwhelming evidence of Gene's guilt, the error in allowing Lincoln's testimony about Gene Camp's statements was harmless beyond a reasonable doubt. See Delaware v. Van Ardsall, 475 U.S. 673, 681 (1986).
 
 
 10
 d. Stearns' Testimony
 
 
 11
 Stearns testified that he saw the defendants walking around the site five months before the crime. Other evidence indicated that the defendants had planned the robbery attempt for 18 months. The testimony by Stearns corroborated other evidence.
 
 
 12
 It does not appear that the probative value of Stearns' testimony was substantially outweighed by the danger of unfair prejudice. There was no abuse of discretion. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir. 1989).
 
 2. REFERENCES TO INADMISSIBLE EVIDENCE
 
 13
 a. Fiske's Testimony
 
 
 14
 Because Oatman did not object to this testimony, he may not raise the issue on appeal. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992).[4]
 
 
 15
 b. Prosecutor's Closing Argument
 
 
 16
 We need not decide whether there was prosecutorial misconduct. In light of the evidence against Oatman, including the strong testimony by Koenig, the statements by the prosecutor could not have affected the verdict. United States v. McChristian, 47 F.3d 1499, 1508 (9th Cir. 1995). There was no abuse of discretion. See United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir. 1992).
 
 3. SUFFICIENCY OF EVIDENCE
 
 17
 Victor Camp was convicted of conspiring and attempting to rob an armored truck. The most damning evidence against him was Koenig's testimony.[5] That testimony was corroborated by physical evidence found at the crime scene, the storage shed, the Marysville dumpster and Oatman's residence.
 
 
 18
 Also, Stearns had testified that he saw Victor Camp at the crime scene five months before the crime. Koenig's testimony, together with the other evidence, sufficed to support Victor Camp's conviction. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Castleberry, 642 F.2d 1151, 1152 (9th Cir. 1981).
 
 4. SENTENCING
 
 19
 United States v. Pinkney, 15 F.3d 825, 828-29 (9th Cir. 1994), does not apply to Victor Camp's sentence because he was not acquitted of using a firearm. The court did not err in enhancing his sentence.
 
 
 20
 Pinkney applies, however, to Oatman's sentence. Although uncharged conduct may be considered in calculating the offense level if it is part of the crime of conviction, this is not so "if the defendant has been acquitted of charges which embraced that very conduct." Id. at 829. Because Oatman was acquitted of using a firearm, the court erred in enhancing his sentence based on the discharge of a firearm.[6]
 
 5. CONCLUSION
 
 21
 We affirm the convictions of all defendants. We reverse the seven-level enhancement of Oatman's sentence and remand for resentencing in accordance with this disposition.
 
 
 22
 AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4. The parties agree
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Contemporaneously we have filed today a published opinion dealing only with the enhancement of sentences of Gene Camp and Victor Camp
 
 
 [2]
 The Government did not need to raise specifically the attenuated basis exception because of the nature of the court's ruling. After Government counsel asserted that Koenig's testimony would be based on Koenig's own experience and would not be the fruit of a poisonous tree, the court said, "I agree." No further argument was necessary. Also, Government counsel's assertion encompassed the attenuated basis exception. Because the exception was sufficiently raised before the court, we now address it
 
 
 [3]
 The Government argues that Gene Camp's failure to move to strike and to offer a limiting instruction was a waiver of his right to raise this issue on appeal. But the court's overruling of Gene Camp's objection and denial of the motion for mistrial are appealable rulings
 
 
 [4]
 Oatman argues that because a motion in limine had been previously ruled on, he was not required to object to preserve the issue for appeal. The rule, however, is that if the trial court permits the evidence, then "no further action is required to preserve for appeal the issue of admissibility of that evidence." United States v. Wood, 943 F.2d 1048, 1054 (9th Cir. 1991)(quotations omitted). Here, the court granted the motion in limine and ruled that the evidence was inadmissible
 
 
 [5]
 Victor Camp relies on United States v. Silverman, 861 F.2d 571 (9th Cir. 1988), and United States v. Gordon, 844 F.2d 1397 (9th Cir. 1988), for the proposition that statements of coconspirators are presumptively unreliable. Those cases, however, involve the admissibility of out-of-court statements by coconspirators
 
 
 [6]
 Our reversal of the seven-level enhancement of Oatman's sentence moots the issue of whether the court erred in failing to depart downward on his sentence