119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DOMINGUEZ-RODRIGUEZ, Defendant-Appellant.
 No. 96-50309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997.
Decided July 21, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. 96-50309; Edward Rafeedie, District Judge.
 
 
 2
 Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges
 
 
 3
 MEMORANDUM* Petitioner Jose Dominguez-Rodriguez
 
 
 4
 ("Rodriguez"), aka Mark D'Fiorri, appeals the denial of his
 
 
 5
 motion for a new trial based upon newly discovered evidence.
 
 
 6
 Rodriguez claims that the denial was improper because the
 
 
 7
 evidence was material and may have led to an acquittal. We
 
 
 8
 have jurisdiction pursuant to 28 U.S.C. § 1291
 
 
 9
 and affirm.
 
 
 10
 We review a district court's denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.1992). For a court to grant a new trial, the defendant must: 1) allege facts from which the court may infer diligence on the defendant's part and show from the motion that the evidence relied on is 2) newly discovered, 3) not merely cumulative or impeaching, 4) material to the issues involved and 5) in a new trial probably would produce an acquittal. Id.
 
 
 11
 The basis for Rodriguez's claim for a new trial are Summary Detainer documents, found in his California Department of Corrections file, that establish that INS agent Steve Wojtak, the government's main witness, had interviewed Rodriguez (under the alias Jose Dominguez) on November 25, 1987 and January 25, 1987 and had written at the end of both interviews that no hold should be placed on Rodriguez because he was born in Puerto Rico and was a U.S. citizen by birth.
 
 
 12
 The district court denied the motion for a new trial because it found that this evidence was cumulative and impeaching, rather than material. It also found that the fact that the Detainer Summaries were referenced in a memo contained in Rodriguez's INS file, which was provided to his attorney before trial, raised an inference that failing to discover them before trial was the result of a lack of diligence.
 
 
 13
 We find no abuse of discretion in the district court's conclusion. Rodriguez was convicted after a jury trial of illegal reentry after the commission of an aggravated felony and a felony, 8 U.S.C. §§ 1326(a), (b)(1), and (b)(2). The elements of violating 8 U.S.C. § 1326 are: 1) the defendant is an alien; 2) he was arrested and deported or excluded and deported; and 3) thereafter, he improperly entered, or attempted to enter, the United States. United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994). At trial, there was no dispute that Rodriguez had been arrested for both a felony and an aggravated felony, had been deported, and had thereafter improperly reentered the United States. The material issue at trial was whether or not Rodriguez was an alien.
 
 
 14
 The government presented the following evidence to prove that Rodriguez was an alien: he had been deported to Mexico on October 13, 1994, December 5, 1989, July 22, 1987, and July 31, 1985; he had stated at each deportation proceeding under oath that he was from Mexico; he had stated that his true name was Jose Dominguez-Rodriguez and that he was a native and citizen of Mexico when he was interviewed by INS Agent Steve Wojtak on May 15, 1995. A fingerprint expert matched his booking fingerprints to those contained in the warrants of deportation and the conviction records. Rodriguez conceded that he had never applied for permission from the United States to reenter the United States legally. Rodriguez's California Identification Index revealed that he had used 37 different aliases and 18 different dates of birth in his contacts with law enforcement. The government also introduced a certificate of nonexistence establishing that he had never requested permission to reenter the United States, and a certified negative certificate of birth from the Department of Health, Commonwealth of Puerto Rico, disclosing that after a careful search of records no birth certificate was found in the name of Jose Dominguez-Rodriguez or Mark D'Fiorri, born to the parents, Anthony D'Fiorri and Josefina Marcos, on July 5, 1961 or 1962 in Ponce, Puerto Rico. On rebuttal, two INS agents testified as to interviews that they had conducted with appellant in which he had claimed U.S. citizenship, but had offered statements inconsistent with his trial testimony. INS Agent Dante L. Ivani testified that in 1989 appellant claimed that he was Puerto Rican, but that his true name was Mark D'Fiorri, that his mother was Mexican, that his father was from Puerto Rico, that he was an only child, and that his father died when he was 3 years old. INS Agent Yolanda Magdaleno testified in the case in chief that she had interviewed appellant on March 29, 1995 in Chino Prison and that he had initially claimed he was from Puerto Rico but after further questioning admitted that his country of origin was Mexico. On rebuttal, she testified that when she asked appellant to verify his claim of being from Puerto Rico he could produce no potentially corroborative information. He then stated that his mother was living in Mexico and that he was Mexican.
 
 
 15
 The defense case consisted exclusively of the testimony of appellant who claimed to be a United States citizen born in Ponce, Puerto Rico, on July 5, 1961. He also testified that on a number of occasions he had informed INS officials that he was a U.S. citizen, born in Puerto Rico, and on these occasions the INS did not pursue deportation proceedings against him.
 
 
 16
 The evidence offered in the motion for a new trial was cumulative to this evidence; it was not dispositive of the main point at issue, the alienage of Rodriguez.[1] The Summary Detainers were reports of Agent Wojtak's custodial interviews with Rodriguez, not the product of independent government investigation.[2] The fact that during these interviews Rodriguez claimed to be from Puerto Rico and that his story apparently was accepted by the agent is not new evidence that he in fact was a citizen.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the coirts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The jury's note to the district court requesting more information on the scope of the government's search for the appellant's birth records in Puerto Rico does not prove that the new evidence would probably have led to an acquittal because that evidence does not relate to the note's area of concern--the scope of the search
 
 
 [2]
 Impeachment evidence can be material for new trial purposes, especially when it is the central witness who is impeached. See, e.g., United States v. Davis, 960 F.2d 820, 825 (9th Cir.1992). But, because there is no suggestion that Wojtak could have remembered the 1987 interviews--he conducted thousands each year--the existence of the notes does not call his veracity into question