**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruben GONZALEZ–LOPEZ, a/k/a Anthony Gonzalez, Ruben Gonzalez and Ruben Lopez, Defendant–Appellant.**

No. 05–50406.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2006.*

Submission Deferred Oct. 19, 2007.

Resubmitted April 17, 2008.

Filed April 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Becky S. Walker, Esq., Jason P. Gonzalez, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Adam Axelrad, Law Offices, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

MEMORANDUM **

Ruben Gonzalez–Lopez ("Gonzalez") appeals his conviction for conspiracy to possess with intent to distribute, and to distribute methamphetamine under 21 U.S.C. § 846; possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A); carrying a firearm during a drug trafficking crime under 18 U.S.C. § 924(c); and possession of a firearm under 18 U.S.C. § 922(g)(1). This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The parties are familiar with the facts and procedural background, so we do not recite them here. We affirm the conviction, vacate the sentence, and remand for resentencing.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

### I. Sufficiency of the Evidence

■ A conviction for conspiracy requires proof of at least a "slight" connection between the defendant and the conspiracy at issue. *United States v. Aichele,* 941 F.2d 761, 763 (9th Cir.1991). Gonzalez's behavior does not suggest he was simply "unwittingly associating with individuals involved in a drug conspiracy." *United States v. Bautista–Avila,* 6 F.3d 1360, 1363 (9th Cir.1993). Gonzalez's conduct, along with his co-defendant's gestures toward him during the meeting with the government agent, could lead a rational trier of fact could conclude there was a sufficient connection.

Gonzalez also challenges his conviction for possession because he never had exclusive control of the drugs. Even without a finding of exclusive control, there is sufficient evidence to show that Gonzalez had possession either because he was connected to the conspiracy or because he aided and abetted the drug transaction. *See United States v. Sanchez–Mata,* 925 F.2d 1166, 1168 (9th Cir.1991) (noting three theories of liability); *see also United States v. Reyes–Alvarado,* 963 F.2d 1184 (9th Cir. 1992).

Finally, Gonzalez claims there was insufficient evidence that he knowingly used or carried a firearm during and in relation to a drug trafficking crime. The Supreme Court has held that 18 U.S.C. § 924(c) applies to "a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello v. United States,* 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). The firearms conviction was sufficiently supported by such evidence.

### II. Motion for a New Trial

■ Gonzalez–Lopez also argues that the district court erred when it denied his motion for a new trial in light of a post-conviction statement made by his codefendant. This court has consistently held that such statements do not count as "newly discovered" evidence for the purposes of granting a new trial. *See, e.g., United States v. Reyes–Alvarado,* 963 F.2d 1184, 1188 (9th Cir.1992); *United States v. Lockett,* 919 F.2d 585, 591 (9th Cir.1990); *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981). Therefore, the district court did not err in refusing to grant a new trial.

### III. Sentencing

The district court sentenced Gonzalez–Lopez to 300 months in prison. This represented 240 months for the gun and drug charges in Counts 1, 2, and 4, and a consecutive term of 60 months under 18 U.S.C. § 924(c) for Count 3 (carrying the firearm during the drug trafficking crime).

### A. Apprendi/Booker

■ Gonzalez–Lopez argues that the district court improperly calculated its sentence based on a quantity of drugs higher than the quantity the jury found on its special verdict form. Other than a prior conviction, facts increasing the defendant's sentence beyond the maximum authorized by a jury verdict must be admitted by the defendant or proven to the jury beyond a reasonable doubt. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Here, the jury's finding of "over 500 grams" would on its own expose the defendant to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The district court's reliance on any higher quantity at sentencing did not violate Defendant's Sixth Amendment rights.

### B. Proper Guidelines Calculation

Gonzalez–Lopez also argues that the district court erred in its calculation of the

Guidelines sentence for the drug sale. The district court found an offense level of 32, with a criminal history category of V. This was incorrect. Under the 2004 Guidelines, which both parties now agree applied, 2,694 grams of methamphetamine start at an offense level of 34. U.S.S.G. § 2D1.1(a)(3), (c)(3). As the government concedes, the "minor role" adjustment would then require a total decrease of five levels to 29, not two levels as found by the district court. *See* U.S.S.G. §§ 2D1.1(a)(3) (decreasing base level 34 by three levels if the defendant receives an adjustment under § 3B1.2), 3B1.2(b) (decreasing two levels if the defendant was a "minor participant").

The proper calculation of the minor role adjustment was not raised below, so we review for plain error. *See United States v. Garro,* 517 F.3d 1163, 1168 (9th Cir. 2008). The government contends the error did not affect substantial rights because the court indicated it was not following the Guidelines in any event.

We disagree. Though the district court did not have the benefit of it at the time, our sentencing jurisprudence now makes clear the following: "All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly. In this sense, the Guidelines are the starting point and the initial benchmark, and are to be kept in mind throughout the process." *United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir.2008) (citations and quotation marks omitted).

Here, the court went above what it believed was the proper Guidelines range and stated at various times that it would depart from the Guidelines. But the court made clear that the Guidelines served, as they should have, as a starting point for the sentence:

So I'll find that under the 2004 version of the advisory guidelines that the proper offense level would be a 32, which carries 18[8] to 235 months under a criminal history category five. And I'm going to sentence you, as I say, at 240 of those months, and then of course by law I have to add the 60 months for the 924(c) in Count 3.

We are persuaded that the miscalculation substantially increased the sentence—perhaps by five years or more. Given an offense level of 29, the 2004 Guidelines range for a criminal history category five was 140–175 months, not the 188–235 calculated by the court. We may correct such an error on plain error review because it affects the fairness, integrity, and public reputation of the judicial proceedings. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). We therefore vacate the sentence and remand for resentencing.

Accordingly, we need not consider Gonzales–Lopez' arguments that the district court did not adequately articulate its consideration of the 18 U.S.C. § 3553(a) factors and that the 25–year total sentence was substantively unreasonable. The § 3553(a) factors and reasonableness of the sentence should be considered anew on resentencing. *See Carty,* 520 F.3d at 991–93.

**Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.**